47 So.2d 8 (1950)
NEVILLE
v.
LEAMINGTON HOTEL CORPORATION.
Supreme Court of Florida, en Banc.
June 16, 1950.
Rehearing Denied July 19, 1950.
John C. Wynn, Miami, for petitioner.
Knight, Smith, Underwood & Cullen, Miami, for respondent.
*9 TERRELL, Justice.
Petitioner as plaintiff brought a commonlaw action against respondent as defendant to recover a real estate broker's commission. The defendant was dissolved in November 1945 as provided by Section 612.47, F.S.A., and the declaration was filed in December 1946, about eleven months after dissolution. When the case came on for trial a motion to dismiss and a plea in abatement were presented. The motion to dismiss was granted, and the plaintiff then moved to substitute the trustees and directors of the corporation as defendants. This motion was overruled and the plaintiff petitioned for certiorari to this Court. A direct appeal was also prosecuted.
The point for determination may be stated as follows:
When a corporation is continued for three years after dissolution as provided by Section 612.47, F.S.A., may one having a claim against it bring suit to recover said claim any time within the three years, or must such a suit have been brought and be pending at the time the corporation was dissolved?
Section 612.47 is as follows: "All corporations, whether they expire by their own limitations, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their assets, but not for the purpose of continuing the business for which said corporation shall have been established."
Respondent contends that such a suit must be pending at the time of dissolution, otherwise the claim must be collected in the manner provided by Section 612.50, F.S.A., that is to say, by making application to the Circuit Court to continue the trustees or directors of the corporation with authority to take charge of its assets, collect its debts, pay claims against it and prosecute or defend any suits that may be necessary for the final settlement of the unfinished business of the corporation, and "to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation." In granting the motion to dismiss and in denying plaintiff's motion to substitute the trustees and directors of the corporation as defendants, the Circuit Court approved respondent's contention.
In so holding we think the trial court was in error. In our view the purpose of Section 612.50, F.S.A., was to take charge of and close out the affairs of a dissolved corporation by means of a trustee or receiver when its affairs are shown to be in a precarious condition. The whole tenor of Section 612.50 so indicates. So far as the record discloses, there was no necessity for a receiver to look after the affairs of defendant corporation. We are advised of no other claim against it but the one involved in this litigation and we are cited to no good reason why suit to recover it may not have been instituted within the three year limitation of Section 612.47, F.S.A. There is not the slightest suggestion that respondent is not solvent and in position to liquidate its affairs.
We are convinced that the reasonable interpretation of Section 612.47, F.S.A., is to continue the life of any dissolved corporation for three years in order that it may settle and close its business, convey its properties and distribute its assets. Any suit that may be necessary to do this may be brought after dissolution of the corporation. If it is insolvent and cannot close its affairs as provided in this section, then a receiver may be appointed as provided in Section 612.50, F.S.A. Remedial statutes such as this should always be construed so as to afford relief rather than to deny it if the parties move promptly and allege facts that state a cause of action.
For the reasons so stated the petition for certiorari is granted and the judgment is quashed with directions to reinstate the cause and proceed accordingly.
ADAMS, C.J., and CHAPMAN, SEBRING, HOBSON and ROBERTS, JJ., concur.
THOMAS, J., dissents.