212 So.2d 66 (1968)
Lawrence NELSON et al., Appellants,
v.
Irving MILLER, Leonard Miller, Irwin S. Rever and Miller Gas Co., a Florida Corporation, Appellees.
No. 67-488.
District Court of Appeal of Florida. Third District.
July 2, 1968.
Rehearing Denied July 31, 1968.
Richard L. Lapidus, Miami, for appellants.
Shutts & Bowen and Herbert L. Nadeau, Mershon, Sawyer, Johnston, Dunwody & Cole and Woodrow M. Melvin, Jr., Dubbin, Schiff, Berkman & Dubbin and Paul E. Gifford, Miami, for appellees.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by the plaintiff below from an order of the trial court dismissing his third amended complaint with prejudice. The sole question for determination is whether former stockholders of a Florida corporation, which has been dissolved four years previously for nonpayment *67 of corporate stock tax, may maintain a stockholder's derivative action to recover lost assets of the corporation. We agree with the trial court that they may not, and accordingly, affirm.
It is admitted by the appellant that the corporation in question was dissolved in 1962 for failure to pay capital stock tax as required by §§ 608.33, 608.36, Fla. Stat., F.S.A. There has been no attempt to restore the corporation to its former status pursuant to § 608.37, Fla. Stat., F.S.A. The initial complaint in this action was filed in 1966.
Upon dissolution, a Florida corporation may continue as a body corporate for a period of three years for specific purposes, which are according to § 608.30(1), Fla. Stat., F.S.A.:
"* * * the purpose of satisfying its liabilities, selling and conveying its property and dividing the net remaining assets among the stockholders but for no other purpose." (Emphasis ours.)
Similarly, according to the provisions of § 608.35, Fla. Stat., F.S.A.:
"Any corporation failing to file the annual report with the state revenue commission and pay the capital stock tax as required in § 608.33, within six (6) months of the date required herein for filing the return and paying said tax shall not be permitted to maintain or defend any action in any court of this state until such reports are filed and all taxes due under part I of this chapter are paid."
However, these statutes allowing a limited corporate existence subsequent to dissolution must be strictly construed as they are in derogation of the common law rule that upon dissolution a corporation was for all purposes extinct. Fleischer v. W.P.I.X., Inc., 30 Misc.2d 17, 213 N.Y.S.2d 632. It is obvious, then, that the corporation itself, once dissolved, could not maintain this suit.
The fate of the stockholder's cause of action in a derivative suit is inexorably bound to the scope of rights enforceable by the corporation. The cause of action resides in the corporate entity, not in the individual shareholder plaintiff. The corporation is the real party in interest. Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Citizens National Bank v. Peters, Fla.App. 1965, 175 So.2d 54. Having determined that the dissolved corporate body in question may not maintain the instant suit, it follows as a logical consequence that the ability to do so will likewise be denied to the stockholders who are plaintiffs here. Accordingly, the order dismissing the complaint with prejudice is hereby affirmed.
Affirmed.