ON REHEARING DENIED
PER CURIAM.
On petition for rehearing the appellant, D. M. Carothers, has filed timely a petition for rehearing of our affirmance without opinion of the trial court’s judgment in favor of defendant filed on October 24, 1973. Briefly stated, the pertinent facts are as follows:
Plaintiff-appellant was the majority shareholder in Bay Biscayne Corporation which operated an office building. In December 1966, the corporation entered into a lease of office space with defendant, Stuart Patton, whereby certain improvements were to be provided by the lessor at its costs in accordance with plans attached to the lease. After completing construction of defendant’s office space, on November 27, 1968 the stockholders and directors of Bay Biscayne Corporation met and passed a resolution adopting a plan of liquidation of the corporation under the terms of which all of the corporation’s assets would be transferred to the plaintiff subject to all liabilities of the corporation, such liquidation to take effect as of the close of business on November 39, 1968. A final certificate of dissolution was filed with the Secretary of the State of Florida on February 6, 1969. In May 1972 plaintiff, as assignee of the assets of Bay Biscayne Corporation, filed suit against defendant to recover for the cost of extras furnished to the lessee by the lessor, for which plaintiff claimed defendant was responsible under the terms of the lease. At the close of plaintiff’s case, defendant filed a motion for directed verdict which was granted on the grounds that plaintiff’s action was barred by Fla.Stat. § 608.30, F.S. A., because the suit had not been filed within three years from the date of dissolution of Bay Biscayne Corporation. We affirmed.
Plaintiff-appellant in his petition for rehearing contends that (1) the assignment of the corporation’s assets to him was made by virtue of the resolution of November 27, 1968 and thus prior to the dissolution, and (2) whether or not the assignment was made appellant was entitled to maintain the subject action as distribu-tee shareholder. We cannot agree.
Turning our attention to the first contention, we noted that the last paragraph of the resolution of November 27, 1968 provided as follows:
“FURTHER RESOLVED, that the corporation’s officers be, and they hereby are, authorized and directed to execute such assignments and conveyances, and to do and perform such acts as may be necessary or appropriate for the carrying out of the purposes of the foregoing resolution.”
The above paragraph is a clear indication that something more than the bare resolution was necessary to perfect the assignment to the plaintiff. However, an examination of the record demonstrates that no assignment of the dissolved corporation’s assets and liabilities was ever executed either before or after dissolution. In addition, plaintiff upon close cross-examination at the trial, admitted that he was acting under the November 27 resolution, but did not know of any separate instrument *295 purporting to assign all of the claims of the corporation to him or any formal instrument which recited plaintiff was taking the assets and liabilities of Bay Biscayne Corporation. Thus, we find that this argument of appellant must fail.
Next, we considered appellant’s second contention that he may bring this case as a stockholder.
If plaintiff-appellant is bringing this lawsuit in his capacity as a stockholder, then it would be a stockholder’s derivative action brought on behalf of the Bay Biscayne Corporation. Thus, the cause would be inexorably bound to the scope of rights enforceable by the corporation as the action resides in the corporate entity not in the individual plaintiff shareholder and the corporation is the real party in interest. See Nelson v. Miller, Fla.App.1968, 212 So.2d 66. Thus, appellant as a shareholder may not maintain the suit as the dissolved corporate body is precluded therefrom by Fla.Stat. § 608.30, F.S.A.
Accordingly, the petition for rehearing is hereby denied.