376 So.2d 424 (1979)
HAITIAN VENTURES, INC., Petitioner,
v.
Leonard WISNIEWSKI et al., Respondents.
No. 79-1373.
District Court of Appeal of Florida, Third District.
October 23, 1979.
*425 Lane, Mitchell & Harris and Byron B. Mathews, Jr., Miami, for petitioner.
Lee, Murphy & Coe, Jupiter, for respondents.
Before HENDRY, BARKDULL and NESBITT, JJ.
BARKDULL, Judge.
Haitian Ventures, Inc., petitions for certiorari review of an order denying its motion to intervene.
The petitioner filed a petition to intervene in a replevin action for the possession of two antique bronze cannons. It claimed an ownership interest in the cannons, an issue that was being litigated between the respondents. Petitioner had been dissolved by proclamation for failure to pay its capital stock tax. Dissolution occurred in May of 1973. On February 15, 1979, petitioner filed all its delinquent reports, paid all delinquent fees and taxes, and was restored to active status by the Secretary of State. During this time, petitioner's motion to intervene was pending before the trial court. After it had been restored to active status, the trial court issued an order in which it construed several provisions of the Florida General Corporation Act, Chapter 607, Florida Statutes (1977),[1] to mean that the petitioner could not maintain this action as a matter of law. Therefore, the trial court denied the motion to intervene. This certiorari petition followed.
We hold that the trial court properly denied the motion to intervene, since the automatic reinstatement provision of Section 607.271(5), Florida Statutes (1977) is limited to the three-year grace period contained in Section 607.297, Florida Statutes (1977). Section 607.297, Florida Statutes (1977) clearly states that the dissolution of a corporation will not impair any remedy available so long as the proceeding thereon is initiated within three years after the date *426 of dissolution. Section 607.271(5), Florida Statutes (1977) states that when an application for reinstatement is approved by the Secretary of State, the corporate existence shall be deemed continued without interruption; it does not state that the reinstatement of a previously dissolved corporation will also automatically reinstate rights or claims of the corporation that existed at the time of its dissolution.[2] To allow the automatic reinstatement provision of Section 607.271(5), Florida Statutes (1977) to control over the three-year grace period contained in Section 607.297 would render the latter statute meaningless. Florida and Federal cases have held that any action or claims of a Florida corporation abate after three years following the dissolution. See: Nelson v. Miller, 212 So.2d 66 (Fla. 3d DCA 1968); Walder v. Paramount Publix Corporation, 132 F. Supp. 912 (S.D.N.Y. 1955); Fleischer v. A.A.P., Inc., 180 F. Supp. 717 (S.D.N.Y. 1959); Fleischer v. A.A.P., Inc., 222 F. Supp. 40 (S.D.N.Y. 1963).
Certiorari denied.
NOTES
[1] § 607.297, Florida Statutes (1977)

"Survival of remedy after dissolution.  The dissolution of a corporation either:
(1) By the issuance of a certificate of dissolution by the Department of State;
(2) By a decree of court; or
(3) By expiration of its period of duration shall not take away or impair any remedy available to or against such corporation, or its directors, officers, or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name... ."
§ 607.271(5), Florida Statutes (1977)
"Any corporation dissolved by the Department of State under the provisions of subsection (2) or prior law may be reinstated by the Department of State at any time upon approval of an application for reinstatement signed by an officer or director of the dissolved corporation... . Whenever the application for reinstatement is approved and filed by the Department of State, the corporate existence shall be deemed to have continued without interruption from the date of dissolution. The reinstatement shall have no effect upon any personal liability of the directors, officers, or agents of the corporation on account of actions taken during the period between dissolution and reinstatement, but the power of the corporation to indemnify such directors, officers, or agents shall extend to actions taken during such period."
[2] Generally, upon dissolution of a corporation all causes of action are abated or lost, unless preserved by statute. Therefore, any such statute should be strictly construed. In this connection, as to loss of causes of action, see the following: City of Hollywood v. Bair, 129 Fla. 93, 130 Fla. 742, 178 So. 850 (1937); 7 Fla.Jur., Corporations, § 369; 19 Am.Jur.2d, Corporations, § 1662.