## SCHOLTENS, et al. v. B.G.L. CORPORATION, et al.

### Case No. 81-5984 CA 23 and 80-5962 CC 22

Eleventh Judicial Circuit, Dade County

July 12, 1982

### APPEARANCES OF COUNSEL

**Neil Linden** for B.G.L. Corporation.

**Samuel Hankin** for plaintiffs, Scholtens.

**Donald Papy** for Mary's Fabrics, Inc.

**Neale Poller** for K.S.J. Corporation.

### OPINION OF THE COURT

THOMAS M. CARNEY, County Judge (Acting Circuit Judge).

### *MEMORANDUM OPINION ON CLAIM FOR DECLARATORY JUDGMENT*

A commercial removal of tenant action was filed by Plaintiffs alleging Defendants noncompliance with several points set forth in the leases between them.

Defendant B.G.L. Corporation (hereinafter B.G.L.), answered and filed a counterclaim for declaratory relief and other relief. Because the counterclaim for declaratory relief involves a question as to this Defendant's legal existence, the Court will deal with it prior to decision on the merits of the Plaintiff's claim and the remainder of the counterclaim.

Plaintiffs now hold the property in question subject to several leases and subleases among the several defendants. One of these leases is between B.G.L. and Defendant K.S.J. Corporation. This lease is of record in Dade County, Florida. This lease expires March 31, 1994, and B.G.L. retains only a two week period of it at its end. In 1967, B.G.L. was involuntarily dissolved for failure to pay capital stock tax. In 1978 and 1979, Plaintiffs took the property under leases and deeds acknowledging the B.G.L. leasehold. It is also undisputed that B.G.L. continues to act as a corporation to this day, to wit; by issuing rent checks in its corporate name to Plaintiffs since 1978, and to them and others since 1967.[1]

Plaintiffs contend that B.G.L., because it was dissolved, ceased to exist and has no right to continue in this proceeding.

Plaintiffs further contend that since more than three years have elapsed since the dissolution, that any reinstatement would not revive the rights in the lease that remained in B.G.L.

Florida Statutes 607.297, entitled "Survival of Remedy After Dissolution", provides for the survival of a remedy after dissolution only when the same is proceeded upon within three years of the dissolution.

Florida Statutes 607.301, entitled "Transfer of Property After Dissolution; Powers and Duties of Directors as Trustees", provides in subsection (3) that these trustees shall continue as trustees of property owned by the corporation for as long as it holds of record, any right or interest upon real property *or* a period of three years from the dissolution, *whichever is longer.*

The Court is of the opinion that the corporate statutes should be read as an integrated whole and not as a compilation of sections unrelated to each other. *Walden v. Paramount Pictures Corporation*, 132 F.Supp. 912 (S.D.N.Y. 1955).

---

[1] The argument of estoppel made by B.G.L., however compelling, must fail since the issue of standing is legal and not equitable.

The statutes above cited suspend the automatic results of corporate death.[2]

In reading these statutes in pari materia, the Court notes the difference between the survival of an action and the duties of trustees. These distinct matters create rights and duties concerning what remains in the corporation, how to dispose of it, and how long one has to do it. The case law in this state clearly holds that where a statute continues the existence of a corporation for a certain period after its dissolution for the purpose of prosecuting and defending suits, the corporation is then dead upon the expiration of the period and no action may be brought by or against it. *Neville v. Leamington Hotel Corporation*, 47 So.2d 8 (Fla. 1950), *American Mortgage & Safe Deposit Company v. Rubin*, 168 So.2d 777 (Fla. 3rd DCA 1964). F.S. 607.297 states the same unequivocally. The unavoidable conclusion is that B.G.L. is beyond the survival date and may not sue or be sued on a cause of action that arose more than three years after its dissolution. Cf. *Haitian Ventures v. Wisniewski*, 376 So.2d 424 (Fla. 3rd DCA 1979).

ACCORDINGLY, the Court finds that B.G.L. should be dismissed from this action.

The Court, in further analysis of the above cited sections of the corporate statutes also concludes that statutory trustees remain in office for as long as they have duties to perform. The Court will find that the sole surviving trustee herein holds the right, as the statute (F.S. 607.301) provides, to transfer remaining property to its shareholder. The Court finds that the remainder in B.G.L., through its trustees, is not extinguished. In so finding the Court has reasoned that *Perry v. Shaw*, supra, is seminal to the later creation of F.S. 607.301(3) in the prevention of forfeitures.[3] The party or parties to whom transfer is made will then be proper parties to this action and may be joined.

The Defendant, B.G.L. shall prepare an order in conformance with this opinion.

The Court in the interest of expediting this matter suggests that after

---

[2] At common law, upon dissolution, a corporation's realty automatically reverted to the grantor. This result, which would also occur in this action under Plaintiffs version of the law, was considered and rejected in *Perry v. Shaw*, 13 So.2d 822 (Fla. 1952).

[3] Parenthetically, Plaintiffs have asserted that this leasehold is personal property and as such not any . . . "right, title, claim, etc. in real property" as required by F.S. 607.301. To the contrary, it has been held that a lease is a conveyance passing a present interest in land. *Devore v. Lee*, 30 So.2d 924 (Fla. 1947), *Williams v. Jones*, 326 So.2d 425 (Fla. 1976).

64

the transfer to the shareholders is made that the parties agree to amendment of the pleadings without court order.