423 So.2d 964 (1982)
Vista BAHL, et Vir., Swire Florida, Inc., D/B/a Gateway Shopping Center & Associated General Insurance Co., Appellants,
v.
FERNANDINA CONTRACTORS, INC., Appellee.
No. AI-275.
District Court of Appeal of Florida, First District.
December 1, 1982.
Rehearing Denied January 7, 1983.
*965 Jay M. Levy, of Silver, Levy & Hershoff, Miami, for appellants Vista and Roy Bahl.
Lamar D. Oxford, of Dean, Ringers, Morgan & Lawton, Orlando, for appellants Swire Florida, Inc., d/b/a Gateway Shopping Center and Associated Gen. Ins. Co.
Eliot J. Safer, of Korman & Safer, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellants seek review of an order wherein appellee's motion to quash service of process was granted, and an amended complaint and third party complaint were dismissed as to appellee; we affirm the order appealed.
Appellant Bahl sued co-appellant Swire, alleging that Swire owned and maintained a shopping center where Vista Bahl sustained injury upon falling over a defective curb. Appellant Bahl subsequently filed an amended complaint and Swire filed a third-party complaint, bringing appellee Fernandina into the litigation, based on allegations that Fernandina had negligently constructed the shopping center and created the alleged defective condition. After process was served appellee Fernandina moved to quash service and dismiss the complaints. The court granted the motion and dismissed the complaints against Fernandina.
Fernandina was a business entity which had been dissolved as a Florida corporation in 1973; appellant Bahl's injury did not occur until 1978, and the complaints against Fernandina were not served until 1981. Florida Statute § 607.297 creates a three-year winding-up period as to claims existing against corporations which dissolve their legal entity. Appellants argue that since their claim was not existing at the time of Fernandina's dissolution they should now be able to maintain this action against Fernandina.
At common law upon dissolution a corporation was for all purposes extinct and a legal action could not be maintained against a dissolved corporation. See Marinelli v. Weaver, 208 So.2d 489 (Fla. 2d DCA 1968); also see Nelson v. Miller, 212 So.2d 66 (Fla. 3d DCA 1968). This common law rule has been altered in many states by "prolongation" statutes; Florida Statute § 607.297 is such an enactment, providing for a three-year winding-up period at corporate dissolution whereby "any right or claim existing, or any liability incurred, prior to such dissolution" may be asserted by or against the corporation in a proceeding commenced within three years after legal dissolution. However, this statute is inapplicable in the present case since appellant Bahl's injury did not occur, and legal action was not initiated, until more than three years after appellee Fernandina's dissolution. Since the statutory three-year winding-up period has expired, the common law rule controls and a legal action may not be maintained against this dissolved corporation. Cf., Nelson. Although appellants attempt to invoke constitutional[1] arguments, the present case is not an instance of legislative curtailment of a remedy, since at common law no such remedy existed.
Accordingly, the order appealed is affirmed.
McCORD and BOOTH, JJ., concur.
NOTES
[1] Article 1, § 21, Florida Constitution: "The courts shall be open to any person for redress of any injury... ."