450 So.2d 322 (1984)
FEDONICS WEST HOLLYWOOD CORPORATION, n/k/a West Hollywood Corporation and West Hollywood Utilities, N/K/a Broward Utilities, Inc., Appellants,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Etc., and Parkway Management Corporation, et al., Appellees.
No. 83-365.
District Court of Appeal of Florida, Fourth District.
May 23, 1984.
*323 Lee Greenfield of Greenfield & Duval, North Miami, for appellants.
Wilton L. Strickland of Ferrero, Middlebrooks & Strickland, Fort Lauderdale, Ricki Lewis Tannen, Hollywood, for appellees.
HERSEY, Judge.
This plenary appeal from a summary final judgment requires that we examine certain rights statutorily conferred upon dissolved corporations.
Fedonics owned real property which was mortgaged to Barnett. West Hollywood Utilities, a wholly-owned subsidiary of Fedonics, operated a utility plant, appropriately certified, on that real property. On December 11, 1976, Fedonics and West Hollywood Utilities were involuntarily dissolved for failure to file annual reports and failure to pay corporate taxes. The corporations subsequently defaulted in their mortgage payments to Barnett, which instituted foreclosure proceedings culminating in a summary final judgment on January 12, 1978. The property was acquired by Barnett at foreclosure sale and subsequently disposed of to parties other than appellant corporations.
In 1979 appellants and others filed a complaint against Barnett. However, that litigation terminated in a voluntary dismissal. On March 4, 1982, appellant corporations and others again filed a complaint against Barnett seeking to recover the real property and for damages. The theory upon which appellants proceeded involved an alleged oral agreement between the dissolved corporations and Barnett to the effect that appellants would permit the foreclosure to proceed in exchange for Barnett's agreement to give appellants a right of first refusal whereby the corporations could reacquire the foreclosed real property upon payment of an amount certain, together with a new mortgage. Appellants complain that notwithstanding this agreement Barnett disposed of the property without honoring their right of first refusal.
The trial court entered summary final judgment, holding that "the plaintiffs Fedonics and West Hollywood Utilities are barred by operation of the statute of limitations, as set forth in Florida Statute 607.297 from the bringing of this present action." We affirm on the premise that the trial court was right, but for the wrong reason. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
*324 The statute relied upon by the trial court, section 607.297, provides as follows:
607.297 Survival of remedy after dissolution.  The dissolution of a corporation either:
(1) By the issuance of a certificate of dissolution by the Department of State;
(2) By a decree of court; or
(3) By expiration of its period of duration shall not take away or impair any remedy available to or against such corporation or its directors, officers, or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of 3 years so as to extend its period of duration.
Of particular importance to our discussion of the statute are the words "for any right or claim existing, or any liability incurred, prior to such dissolution... ." Thus, the facts in the instant case do not fall within the penumbra of the statute, the alleged cause of action having arisen after dissolution of the corporation, and appellant corporation's rights, if any, having accrued at that time. The statute, therefore, does not preserve the particular right which appellants seek to enforce in this litigation. Nonetheless, the statute has a peripheral effect as a limitation of another statutory period that we will discuss momentarily.
Under somewhat similar circumstances our sister court in Bahl v. Fernandina Contractors, Inc., 423 So.2d 964 (Fla. 1st DCA 1982), held that as to causes of action not preserved by the statute the common law applies and the rights are unenforceable by the dissolved corporation. In that case the injury occurred, and thus the cause of action arose, beyond the three year period. In our view this is not a significant difference. The material question is whether the cause of action arose prior to or after the date of dissolution. We therefore hold that appellant corporations, having been dissolved, were incapable of accruing a cause of action after the date of dissolution.
We are urged by appellants to consider their status as formerly dissolved but now reinstated corporations. We decline to do so. The trial court found, and we accord that finding a presumption of correctness, that the corporations had not been reinstated. It is in that posture that we have considered and affirmed the summary final judgment.
Even if we were to consider that the corporations had been properly reinstated in 1982 (or any date subsequent to December 1979), the result in this case would be unchanged. Reinstatement is permitted by section 607.271(5), which provides in pertinent part that "the corporate existence shall be deemed to have continued without interruption from the date of dissolution." We agree with the third district, which held in Haitian Ventures, Inc. v. Wisniewski, 376 So.2d 424 (Fla. 3d DCA 1979), that the automatic reinstatement provision is limited to the three year grace period contained in section 607.297, Florida Statutes. The court pointed out that the reinstatement provision does not automatically reinstate rights or claims of the corporation. Id. at 426. Thus, a corporation reinstated within three years has remedies available for rights and claims existing prior to the dissolution. However, a corporation reinstated after three years does not have such remedies. Although the Wisniewski case dealt with rights existing on the date of dissolution rather than as here, rights alleged to have accrued subsequent to the date of dissolution, nonetheless, the same rationale should apply if, and we do not here decide this issue, a dissolved corporation *325 may under any circumstances accrue rights and liabilities. Put another way, the Wisniewski court dealt with a right which had accrued to the corporation before dissolution. We go one step further, dealing with the rather ethereal possibility of a right accruing to a non-existent corporation. We do so hypothetically and merely to express our views on the interrelationship of the two statutes which we have previously treated.
Based upon the foregoing, we affirm the summary final judgment.
AFFIRMED.
DOWNEY and DELL, JJ., concur.