470 So.2d 738 (1985)
COSMOPOLITAN DISTRIBUTORS, INC., a Florida Corporation, Appellant,
v.
Edward LEHNERT a/k/a Larue E. Baker D/B/a Hajj Baba Coin Laundry, Appellee.
No. 84-333.
District Court of Appeal of Florida, Third District.
May 21, 1985.
Rehearing Denied July 1, 1985.
*739 Ephraim Collins, Margate, for appellant.
Robert J. Levine, Miami, for appellee.
Before FERGUSON and JORGENSON, JJ., and WILLIAM A. NORRIS, Jr., Associate Judge.
FERGUSON, Judge.
Plaintiff appeals an order dismissing its complaint with prejudice in an action to foreclose a security agreement and for payment of monies due.
We are asked in this appeal to construe two specific provisions of the Florida General Corporation Act, chapter 607, Florida Statutes (1983).[1] The dispositive question is whether a corporation may maintain an action brought three years after its involuntary dissolution for failure to pay annual fees, where the corporation, at the time of the action, has been fully reinstated to active status. We answer the question in the affirmative, and reverse the order dismissing the complaint.
Plaintiff/appellant, Cosmopolitan Distributors, Inc., was involuntarily dissolved on December 5, 1978, by order of the Department of State pursuant to section 607.271(2)(a), for nonpayment of its annual fees. The corporation was reinstated upon the payment of the fees and returned to active status on December 28, 1981.
On December 10, 1982, the corporation filed suit against the defendant/appellee to foreclose a security agreement and for payment of monies due. The trial court dismissed the complaint with prejudice, holding that section 607.297 precluded the corporation from maintaining any action commenced subsequent to three years after the date of its dissolution. The court found, apparently, that section 607.297 controlled the time for bringing an action, notwithstanding the statutory revival provision in section 607.271(5), which provides that upon reinstatement "the corporate existence shall be deemed to have continued without interruption from the date of dissolution." We disagree.
The effect of section 607.271(5), allowing reinstatement at any time of a corporation which has been involuntarily dissolved for certain technical reasons, is to treat the corporation as though it has never been dissolved. See generally McClung v. Hill, 96 F.2d 236 (5th Cir.1938) (effect of Florida's corporate revival statute is to revive corporate life ab initio as of its dissolution); Spector v. Hart, 139 So.2d 923 (Fla. 2d DCA 1962). Contrary to the trial court's determination, section 607.297, pertaining to survival of remedy after dissolution, has no application where a corporation has "never been dissolved" because it has paid its delinquent taxes, and filed its delinquent annual reports. The rationale adopted by the court in J.B. Wolfe, Inc. v. Salkind, 3 N.J. 312, 70 A.2d 72, 13 A.L.R.2d 1214 (1949), is apropos here:
In good conscience the defendants, who are strangers to the dealings between *740 plaintiff and the State, should not be allowed to take advantage of the plaintiff's default in paying its taxes to escape their own obligations to the plaintiff, when its default has been cured by its subsequent compliance with the statutory requirements.
70 A.2d at 76.
Our interpretation of section 607.271(5) does not render meaningless the provisions of section 607.297, which limits the bringing or defending of an action by a dissolved corporation, which has never been reinstated, to three years from the date of its dissolution. See Nelson v. Miller, 212 So.2d 66 (Fla. 3d DCA 1968). Further, the present decision can be reconciled with this court's holding in Haitian Ventures v. Wisniewski, 376 So.2d 424 (Fla. 3d DCA 1979). In Haitian Ventures we held that a dissolved corporation could not intervene in a lawsuit where three years had expired from the date of its involuntary dissolution for failure to pay its capital stock tax, even though it had since been reinstated pursuant to section 607.271(5). In that case, however, the motion to intervene had been filed prior to reinstatement, at a time when the corporation was still in a dissolved state.
We agree with the holding in Haitian Ventures, as we narrowly construe it,[2] that a corporation which is dissolved cannot bring, defend, or intervene in an action filed three years after its dissolution. Once the corporation has been reinstated, however, it may then bring, defend, or intervene in any lawsuit, even one which is based on facts that arose prior to its reinstatement.
For the foregoing reasons, the order of the trial court dismissing the plaintiff's complaint with prejudice is reversed.
Reversed and remanded.
NOTES
[1] The relevant statutes provide in pertinent part:

607.271 Involuntary dissolution. 
* * * * * *
(2) A corporation may be dissolved involuntarily by order of the Department of State when the Department of State has determined that:
(a) The corporation has failed to file its annual report or pay the annual report filing fee within the time required by this chapter.
* * * * * *
(5) Any corporation dissolved by the Department of State under the provisions of subsection (2) or prior law may be reinstated by the Department of State at any time upon approval of an application for reinstatement signed by an officer or director of the dissolved corporation... . Whenever the application for reinstatement is approved and filed by the Department of State, the corporate existence shall be deemed to have continued without interruption from the date of dissolution.
607.297 Survival of remedy after dissolution.  The dissolution of a corporation ...
(1) By the issuance of a certificate of dissolution by the Department of State;
* * * * * *
shall not take away or impair any remedy available to or against such corporation or its directors, officers, or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution.
[2] Because the corporation was not reinstated at the time it filed the motion to intervene, section 607.271(5) had no application to the facts of the case. To the extent the opinion purports to resolve an apparent conflict between that statute and section 607.297, we deem the discussion as dicta.

We note that the court in Fedonics West Hollywood Corp. v. Barnett Bank of South Florida, 450 So.2d 322 (Fla. 4th DCA 1984), by way of dicta, approved of the Haitian Ventures dicta.