493 So.2d 1131 (1986)
LeLAC PROPERTY OWNERS' ASSOCIATION, INC., Appellant,
v.
John S. ROUTH, Jr., and Dorothy B. Routh, Appellees.
No. 85-2447.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
Steven A. Mayans and James P. Garrity of Moyle, Flanigan, Katz, Fitzgerald & Sheehan, P.A., West Palm Beach, for appellant.
*1132 David L. Kreider of Winthrop, Stimson, Putnam & Roberts, Palm Beach, for appellees.
STONE, Judge.
The sole issue presented to this court is whether a corporation which has been involuntarily dissolved by the state, and then reinstated within three years of dissolution, may pursue a cause of action accruing after dissolution and before reinstatement.
The appellant, LeLac Property Owners' Association, Inc., a homeowners' association, was involuntarily dissolved by the Secretary of State in December of 1982 for failure to pay fees and file annual reports. It was reinstated in September of 1985.
In 1983 the appellees purchased and developed a homesite in the subdivision governed by the association. While still dissolved, the corporation filed this action seeking an injunction. Appellees moved for summary judgment based on the issue before this court. The appellant corporation was officially reinstated prior to the hearing and a copy of the certificate from the Secretary of State was duly filed with its affidavit in opposition. The trial court granted summary judgment, citing Fedonics West Hollywood Corp. v. Barnett Bank of South Florida, 450 So.2d 322 (Fla. 4th DCA 1984).
In evaluating this issue two Florida statutes must be considered. Section 607.271(5), Florida Statutes (1985) provides that a corporation that has been involuntarily dissolved may apply for reinstatement, and upon approval of such application "... the corporate existence shall be deemed to have continued without interruption from the date of dissolution". Section 607.297(3), Florida Statutes (1985) provides that an involuntarily dissolved corporation has three years, through its surviving directors, to maintain any rights it accrued prior to dissolution.
In Haitian Ventures, Inc. v. Wisniewski, 376 So.2d 424 (Fla. 3d DCA 1979), the automatic reinstatement provision of section 607.271(5) was found to be limited to the three year grace period provided by section 607.297. The court based this finding on the language of section 607.297, which conditioned the benefits of the statute on the initiation of proceedings within three years of dissolution.
In Fedonics West Hollywood Corporation v. Barnett Bank of South Florida, relied upon by the trial court, the appellant was a dissolved corporation which claimed to have been reinstated. There, the cause of action, as here, accrued during dissolution, but in Fedonics the corporation had not been reinstated.
The Fedonics and Haitian Ventures cases are clearly factually distinguishable from this case. In Fedonics, the court emphasized that its decision was based upon the finding of fact by the trial court that the corporation in question had not been reinstated, and added that the result would be unchanged even if the corporation had been reinstated after the three years, specifically agreeing with the Haitian Ventures analysis reading the two statutes together. 450 So.2d at 324. However, the court went on to speculate that the same reasoning which provides for the automatic reinstatement of rights accruing prior to dissolution should also apply to a cause of action, as in Fedonics, accruing after dissolution. The court recognized that this was dicta, but concluded that there was no reason to differentiate between a cause of action accruing after the automatic involuntary dissolution and one accruing before, provided that the corporation was in fact reinstated within the three year grace period.
We note that the Haitian Ventures holding has now been significantly narrowed by the Third District. In Cosmopolitan Distributors, Inc. v. Lehnert, 470 So.2d 738 (Fla. 3d DCA 1985), it was held that a corporation reinstated more than three years from its dissolution may institute a suit based upon section 607.271 without regard to the three year limitation in section 607.297:
The effect of section 607.271(5) allowing reinstatement at any time of a corporation *1133 which has been involuntarily dissolved for certain technical reasons, is to treat the corporation as though it has never been dissolved.
Id. at 739. The court found that this holding was consistent with Haitian Ventures on a narrow construction of its facts (the corporation in that case had not been reinstated at the time it filed the motion to intervene which was in question). The court in Lehnert did not say when the cause of action arose, but that issue does not appear relevant as the court concluded:
Once the corporation has been reinstated, however, it may then bring, defend, or intervene in any lawsuit, even one which is based on facts that arose prior to its reinstatement.
Id. at 740. The record does not contain statistics on the number of corporations which are dissolved annually by the Secretary of State for failure to file fees or reports. Certainly, they are numerous and the possible explanations and circumstances which result in a failure to file must, similarly, be extensive. We can perceive no reason to construe the legislative intent in this scheme so narrowly as to provide a windfall to the parties who may create a cause of action during the grace period by allowing them to escape their obligations to the reinstated corporation.
Therefore, we reverse and remand with instructions to the trial court to reinstate the complaint.
GLICKSTEIN and WALDEN, JJ., concur.