Annie L. WILLIAMS, as Personal Representative of the Estate of Shalethia Denise Williams, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant, Third Party Plaintiff,

v.

Raymond DYSON, Third Party Defendant.

No. PCA 86-4214-WS.

United States District Court, N.D. Florida, Pensacola Division.

Nov. 20, 1987.

---

Robert J. Mayes, Levin, Middlebrooks, Mabie, Mayes & Mitchell, P.A., Pensacola, Fla., for plaintiff.

Michael P. Finney, U.S. Atty., Pensacola, Fla., for U.S.

Donald H. Partington, Clark, Partington, Hart, Bond & Stackhouse, Pensacola, Fla., for third party defendant.

## ORDER

STAFFORD, Chief Judge.

Plaintiff has brought this wrongful death action pursuant to the Federal Torts Claims Act (FTCA), 28 U.S.C. Sections 1346(b), 2671 *et seq.* Defendant, United States of America, has filed a complaint against third-party defendant Raymond Dyson (document 14). The matter before the court is the third party defendant's motion for summary judgment (document 23).

Plaintiff alleges that on May 5, 1985 a concrete wall in a United States Navy personnel housing area collapsed and killed plaintiff's minor child. Plaintiff further alleges that the cause of the wall's collapse was negligent maintenance on the part of the defendant.

The defendant's suit against Raymond Dyson was filed pursuant to the Uniform Contribution Among Tortfeasors Act, Section 768.31, Florida Statutes (1976). Defendant Dyson was a director of the Ray-Frank Company, a Florida corporation which built the wall for the United States. The United States contends that the wall's collapse was caused, at least in part, by defective construction on the part of the RayFrank Company. The wall's construction was completed by 1968. The RayFrank Company was voluntarily dissolved on April 5, 1983, under the provisions of Section 607.297, Florida Statutes.

Dyson's motion for summary judgment is based upon the aforementioned Section 607.297, Florida Statutes, and the statute's impact on a suit against a dissolved corporation. The statute, in pertinent part states:

**607.297 Survival of remedy after dissolution**

The dissolution of a corporation either:

(1) By the issuance of a certificate of dissolution by the Department of State;

(2) By a decree of court; or

(3) By expiration of its period of duration

shall not take away or impair any remedy available to or against such corporation, or its directors, officers, or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution.

Once the statutory three year winding-up period has expired, a legal action against the dissolved corporation cannot be maintained. *Bahl v. Fernandina Contractors, Inc.,* 423 So.2d 964, 965 (Fla. 1st DCA 1982).

The United States, through its failure to respond to the third party defendant's request for admissions pursuant to Federal

Rule of Civil Procedure 36(a), has admitted the following:

1. The RayFrank Company, a Florida corporation, was dissolved by the Secretary of State of the State of Florida on April 5, 1983.

2. The decision of the First District Court of Appeal of Florida, *Bahl v. Fernandina Contractors, Inc.*, 423 So.2d 964 (Fla. 1st DCA 1983), is controlling precedent and precludes a third party claim made by the United States Government.

3. The decision of the First District Court of Appeal of Florida in *Bahl* was existing law at the time of the filing of the third party complaint against Raymond Dyson in this case.

4. There is no genuine issue as to any material fact concerning the Articles of Dissolution of the RayFrank Company having been filed with the Secretary of State in Tallahassee, Florida in compliance with Florida law.

5. The claim filed by the United States Government was not commenced within three years after the date of the dissolution of the RayFrank Company on April 5, 1983.

Despite these admissions, it is the United States' position that its suit against Dyson may proceed under the provisions of Title 28 U.S.C. Section 2415(f).

Section 2415(f) allows the United States to assert its claims when suit has been filed against it, without regard to the federal statutes of limitation 28 U.S.C. Section 2415(a), (b), (d).

Also, as a general rule, the United States is not bound by state statutes of limitation. *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. John Hancock Mut. Life Ins. Co.*, 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960); *United States v. Kellum*, 523 F.2d 1284 (5th Cir.1975). If F.S. 607.297 is a statute of limitation, the United States is not bound by it and the United States' action may proceed.

Dyson recognizes that Section 2415(f) preempts state statutes of limitations, but contends that F.S. 607.297 is not a statute of limitation, but rather is a "prolongation" statute.

■ A statute of limitations is one that prescribes a period of time within which a civil action must be commenced...., the "limitation" being the time at the end of which no action can be maintained. 35 Fla.Jur.2d, Limitations and Laches, S. 1. Put another way, a "statute of limitation" is but the action of the state in determining that, after the lapse of a specified time, a claim shall not be legally enforceable. *State of South Dakota v. State of North Carolina*, 192 U.S. 286, 24 S.Ct. 269, 48 L.Ed. 448 (1904).

In determining whether Section 607.297, Florida Statutes, is a statute of limitation, the court will first examine the plain language of the statute and then consider the gloss placed upon the statute by the Florida courts.

Section 607.297, which is entitled "Survival of remedy after dissolution," states in part that, "The dissolution of a corporation ... shall not take away or impair any remedy available ... against such corporation, or its directors.... for ... any liability incurred, prior to such dissolution ... if action ... is commenced within 3 years...." It is apparent that the Florida legislature intended Section 607.297 to extend the time in which a claim against a dissolved corporation could be brought. This court must presume that the legislative purpose is expressed by the ordinary meaning of the words used and that the language must be regarded as conclusive. *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). The cause of action is not barred, but rather, the remedy survives the dissolution of the corporation.

This is in sharp contrast to the effect of a typical statute of limitation where the substantive right continues to exist, but its enforcement is cut off. A statute of limitation bars the remedy after the passage of a prescribed amount of time. *Henry v. Halifax Hospital Dist.*, 368 So.2d 432, 433 (Fla. 1st DCA 1979); *Walter Denson & Son v. Nelson*, 88 So.2d 120, 122 (Fla.1956); *Hoag-*

*land v. Railway Exp. Agency*, 75 So.2d 822, 827 (Fla.1954).

Section 607.297 not only does not act as a bar to an action, it actually creates a remedy where one did not exist. Prior to the passage of Section 607.297, the common law rule was that after the dissolution and termination of a corporation, no action could be maintained against it. *Marinelli v. Weaver*, 208 So.2d 489, 492 (Fla. 2nd DCA 1968); *Nelson v. Miller*, 212 So.2d 66, 67 (Fla. 3rd DCA 1968); *Bahl*, 423 So.2d at 965. The common law rule still controls after the passage of the three years prescribed in the statute. *Fedonics West Hollywood Corp. v. Barnett Bank*, 450 So.2d 322, 324 (Fla. 4th DCA 1984).

In addition, the Florida courts have not described nor treated Section 607.297 as a statute of limitation. A corporation "continued as a body corporate" in order to satisfy its liabilities. *Air Control Products, Inc. v. Perma–Stress, Inc.*, 189 So.2d 412, 414 (Fla. 1st DCA 1966). (construing prior law, Florida Statutes, Section 608.-30(1)). Section 607.297 has been described as a "winding up" statute, one which extends the life of a dissolved corporation. *McGlynn v. Rosen*, 387 So.2d 468, 469 (Fla. 3rd DCA 1980), *Advance Machine Co. v. Berry*, 378 So.2d 27, 28 (Fla. 3rd DCA 1978). The statute provides for a three year "grace period." *Fedonics*, 450 So.2d at 324.

Additional evidence that Section 607.297 was not intended to be a statute of limitation is its placement in Florida's statutory scheme. The statute at issue is part of the Florida General Corporation Act, Section 607.001 *et seq*. Chapter 95 of the Florida Statutes contains the limitations of actions provisions.

█ This court is of the opinion that Florida Statutes, Section 607.297 is, as described by the third party defendant, a "prolongation statute" and not a statute of limitation. The general rule, that the United States is not subject to state statutes of limitation is not applicable here, and the United States claim against the third party defendant may not proceed.

Accordingly, third party defendant Dyson's motion for summary judgment is GRANTED and the third party complaint filed by the United States is DISMISSED. As a consequence of this order, it is not necessary for the court to address the other points raised in Dyson's summary judgment motion.

The Clerk of the Court shall enter final summary judgment in favor of third party defendant Raymond Dyson.