LEHAN, Judge.
This is an appeal by defendant from a final judgment in favor of plaintiff for *57 damages for breach of contract. The damages awarded represented sums claimed to be due to plaintiff under a contract with defendant pursuant to which plaintiff was to receive percentages of rents collected for rentals of defendant’s property which had been procured by plaintiff. We reverse.
During the pendency of this litigation plaintiff corporation had been dissolved by the Secretary of State for failure to file an annual report and to pay the required filing fee. The dissolution then continued for more than three years prior to the corporation’s reinstatement. We do not agree with defendant’s contention that because section 607.297, Florida Statutes (1989), places a three-year statute of limitations upon the ability of a corporation to prosecute a cause of action after the corporation’s dissolution, plaintiff was not entitled to pursue the cause of action. In contrast to the facts of this case, section 607.297 applies to dissolved corporations which have not been reinstated. Cosmopolitan Distributors, Inc. v. Lehnert, 470 So.2d 738, 740 (Fla. 3d DCA 1985). See also LeLac Property Owners’ Ass’n, Inc. v. Routh, 493 So.2d 1131 (Fla. 4th DCA 1986). “Once the corporation has been reinstated ... it may then bring, defend, or intervene in any lawsuit, even one which is based on facts that arose prior to its reinstatement.” Cosmopolitan, 470 So.2d at 740.
We reverse because we conclude that plaintiff was not contractually entitled to continue to receive percentages of rents under the contract after the contract was terminated by defendant. The contract specifically provided that “[t]his Agreement can be terminated at any time by either ... [party]; and whereupon this Agreement will be of no further effect.” The contract did not provide for continuing compensation to plaintiff after its termination. Nor did it have the effect of providing that compensation would be earned by plaintiff when rentals were procured. To the contrary, it provided for continuing management services by plaintiff after the rentals had been procured, which services were terminated upon the proper termination of the contract by defendant thus effectively terminating plaintiff’s right to compensation. See Cueto v. John Allmand Boats, Inc., 334 So.2d 30 (Fla. 3d DCA 1976). Compare E.H. Crump of Florida, Inc. v. Aikin, 571 So.2d 1353 (Fla. 2d DCA 1990) (former employee entitled to post-termination compensation when under employment contract the compensation was earned prior to termination and was not to be for continuing services).
Reversed and remanded for entry of judgment in favor of defendant.
SCHOONOVER, C.J., and FRANK, J., concur.