POLEN, Judge.
Appellant, Triple T. Realty, Inc., appeals a final summary judgment entered in favor *643 of appellee, Mohammad Jaghory. We reverse.
Appellant brought suit against appellee alleging breach of a real estate commission agreement executed by the parties on July 10, 1985. Appellee answered the complaint alleging only a statute of limitations defense. Following denial of appellant’s motion for summary judgment, appellee sought summary judgment on the ground that appellant was a dissolved corporation and therefore the commission agreement it executed was a nullity.
Prior to hearing appellee’s summary judgment motion, appellant filed an affidavit in which its sole stockholder attested to the fact that the corporation had been reinstated, attaching a certificate from the Florida Department of State certifying that appellant’s status was active. Notwithstanding appellant’s reinstatement, the trial court granted final summary judgment in favor of appellee. A subsequent order denying appellee’s motion for attorney’s fees is the subject of Jaghory v. Triple T., Inc., Case No. 92-0553.
“The rule is well settled that a law suit may be maintained if there has been compliance with [Chapter 608, Fla.Stat.] prior to the dismissal of the suit.” Babe, Inc. v. Baby’s Formula Serv., 165 So.2d 795 (Fla. 3d DCA 1964). Further, the affirmative defense of a corporations’s failure to comply with statutory law must be specifically pleaded. Id. at 799. Appellee’s failure to specifically, plead this affirmative defense constituted waiver.
Even if appellee had not waived this defense, reversal is mandated by Florida’s corporate revival statute, section 607.1422, Florida Statutes (Supp.1990), which provides in pertinent part:
607.1422 Reinstatement following administrative dissolution.—
(l)(a) A corporation administratively dissolved under s. 607.1421 may apply to the Department of State for reinstatement at any time after the effective date of dissolution....
[[Image here]]

(3)When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred.

(emphasis added).
This statute has been interpreted as allowing a reinstated corporation to “bring, defend, or intervene in any lawsuit, even one which is based on facts that arose prior to its reinstatement.” Friedlander v. J. W. Dyches, Inc., 582 So.2d 56, 57 (Fla. 2d DCA), review denied, 591 So.2d 182 (Fla. 1991). See also LeLac Property Owners’ Ass’n, Inc. v. Routh, 493 So.2d 1131 (Fla. 4th DCA 1986); Cosmopolitan Distributor, Inc. v. Lehnert, 470 So.2d 738 (Fla. 3d DCA 1985), review denied, 486 So.2d 596 (Fla.1986). Appellant’s reinstatement related back to the date it was administratively dissolved, thus precluding summary judgment on the basis advanced by appel-lee.
REVERSED.
HERSEY and FARMER, JJ., concur.