CARROLL, Judge.
This is an appeal from a judgment rendered on a non-jury trial in the civil court of record in Dade County. The appellant Robert F. Abbott sued the appellee Tec-Mill & Supply, Inc. for a balance alleged to be due on commissions. His brief complaint set forth the following allegations:
“1. The Plaintiff was employed by the Defendant for a period of time commencing on or about May 20, 1963, terminating on or about November 12, 1963, as an Estimator-Salesman, at an agreed compensation of $50.00 per week plus 2% commission on all sales brought in by the Plaintiff.
“2. That during the period of his employment, the Plaintiff sold jobs totaling $317,557.50, upon which he was entitled to a total commission of $6,350.15, but that the Defendant has only paid him $3,900.00 on account of the said commission.
“3. The Defendant has further failed and refused to pay to the Plaintiff the sum of $50.00 representing his salary for the last week of his employment by the Defendant.”
In answer, defendant admitted that plaintiff had produced the contracts as alleged but contended his commission agreement entitled him to 1% for negotiating the contracts and an additional 1% for handling and expediting the contracts to completion; and that the latter 1% was not payable because the services it called for were not performed.
*882 The result of a pretrial conference was stated in the record by the trial judge. It included the following:
(Judge Parker) “So, the issues now appear to be these:
“(a) What was the commission agreed upon to be paid the plaintiff? Whether it was to be the 2 per cent straight commission, as alleged or contended by the plaintiff, or was the 2 per cent to be paid as follows as'contended by 'defendant, namely: ' 1 per cent on obtaining the contract, and the other 1 per cent on expediting or completing the contract.”
The cause was tried before the court without a jury. The issue between the parties as to whether the plaintiff was entitled to a 2% commission on sales effected by him or to 1% commission for negotiating the sale and to 1% for subsequent duties in expediting the same, was resolved by the trial judge in favor of the plaintiff. However the. trial judge found that “the time for payment of this two (2%) per cent commission was on fulfillment of the contract.” The cortrt then found that the Variety ' Childrens’ Hospital contract ($100,000.00) and the Low Rent Housing contract ($192,000.00), obtained by-plaintiff, were not completed prior to termination of his services. The court denied recovery of the balance claimed on commissions, and granted judgment only for the unpaid $50 draw alleged in paragraph 3 of' the 'complaint.
The trial court committed error in denying recovery of the balance due on the commissions, after having held that the services necessary to earn the commissions ■were performed prior to termination of the employment. Even though for convenience or by company practice salesmen’s commissions may have been paid when the contracts to which they related were fulfilled, in the absence of a contrary provision in the plaintiff’s employment contract he was entitled to receive earned commissions when his employment was terminated, notwithstanding such termination of employment came before completion of the contracts solicited. Atkinson v. New Britain Mach. Co., 7 Cir.1946, 154 F.2d 895, 901; Mott v. Good Roads Machinery Co. of New York, 277 App.Div. 677, 102 N.Y.S.2d 781, aff’d 302 N.Y. 918, 100 N.E.2d 186; Lenchitsky v. H. J. Sandberg Co., 217 Or. 483, 343 P.2d 523; 4 Williston, Contracts § 1030 (rev.ed. 1936).
For the reasons stated, the cause is remanded to the trial court with directions to amend the judgment, which granted plaintiff $50, to include his 2% commissions, less the amounts thereof previously paid.
It is so ordered.