394 So.2d 146 (1981)
Marina Lastra ZAFRILLA, As Personal Representative of the Estate of Manuel Zafrilla, Deceased, Appellant,
v.
VOLARE SHOES, INC. and United States Fidelity and Guaranty Company, Appellees.
No. VV-15.
District Court of Appeal of Florida, First District.
January 27, 1981.
Rehearing Denied March 12, 1981.
L. Barry Keyfetz of Keyfetz & Poses, P.A., Miami, for appellant.
Summers Warden, Miami, for appellees.
ROBERT P. SMITH, Jr., Judge.
Zafrilla's personal representative, whom we recognize as the party in interest succeeding to that of the worker who was injured in a compensable accident and then died, urges on this appeal that the deputy commissioner should have awarded interest at the statutory legal rate on doctors' and hospital bills unpaid by the employer/carrier during the more than six years this claim was contested. We agree with appellant's contentions and remand the case for the calculation and award of interest on the amount of the unpaid bills from the date or dates the employer/carrier should have paid them, at the statutory legal rate. Section 687.01, Florida Statutes (1979).
We acknowledge that the legislature has not provided for the assessment of interest on unpaid benefits of this class, that Section 440.20(6) and (7), Florida Statutes (1978 Supp.) provides for assessment of monetary penalties when compensation "payable under the terms of an award" or as an "installment of compensation" due is not paid. Nevertheless, the Supreme Court in Parker v. Brinson Constr. Co., 78 So.2d 873, 875-76 (Fla. 1955), held that a Chapter 440 debt for compensation, like any other debt ex contractu, draws "lawful interest thereon from the date it should have been paid," at the legal rate specified for contracts by statute. That principle was later held to sustain an award of interest at the legal rate on attorney's fees awarded by a deputy commissioner, payable from the date of award. Stone v. Jeffres, 208 So.2d 827 (Fla. 1968). And the same principle was later held to require the payment of interest at the legal rate on an insurer's debt for the insured's medical expenses  a debt which "may have been due even prior to [the insured's] death," but which was "in any event" due at the time payment was later claimed in Nationwide Mut. Ins. Co. v. Griffin, 22 So.2d 754 (Fla. 4th DCA 1969).
For the reasons stated at greater length by the Supreme Court in Parker and Stone, we hold that interest is now due and *147 payable at the statutory rate of six per cent for medical and hospital bills unpaid when, after a reasonable period of investigation, they should have been paid by the employer/carrier. The deputy may direct payment to the claimant's estate or to the physicians or hospital, or to both as their interests may appear.
REVERSED.
MILLS, C.J., and WENTWORTH, J., concur.