JOANOS, Judge.
The employer/carrier (E/C) appeal from a workers’ compensation order in which the deputy commissioner awarded temporary partial disability (TPD) benefits, found the claimant, Richard Cancino (Cancino) to *368 have a 10% permanent physical impairment, determined Cancino had conducted a good faith work search, with no self-limitation of income, ordered the payment of the authorized doctors and hospital bills, and imposed statutory interest on all benefits.
The evidence presented to the deputy commissioner at the hearings held below included the following. Cancino was injured on July 1, 1980 while performing his welding job at Brice Southern, Inc. (Brice) when he fell, striking his knee. E/C accepted the accident as compensable, paying temporary total disability benefits from July 24, 1980 to August 9, 1981. Following three operations and a program of therapy, Dr. Barry, orthopedist, released Cancino to work on August 10, 1981, with no limitations on his activities. Cancino testified that he sought light work.with Brice, but was told they had no work for him. Brice’s vice-president testified that Cancino’s former job was presently filled. There was no evidence that the job was open when Canci-no tried to return to work and Brice’s vice-president could not refute Cancino’s testimony that he had tried to return. Cancino sought work at Seven-Eleven, but no job was available. He found a stock clerk’s job at Food Spot on August 17, 1981. Finding the sixty-plus hours at Food Spot too long, Cancino left after three weeks, going to work for Seven-Eleven where he continued to work at the time of hearing. He had not attempted to return to welding work due to his loss of strength.
Cancino was examined by Dr. Holmes, an orthopedist, in March, 1981, who found that Cancino at that time could perform his duties at Brice. Dr. Holmes had no knowledge of Cancino’s condition after that examination. Dr. Barry saw Cancino on September 16, 1981, finding he had reached maximum medical improvement with a 10% disability based upon weakness in his leg. Dr. Barry felt that a proper exercise program would correct the weakness in Canci-no’s leg, but that Cancino would not commit himself to a program, precluding any further improvement.
When Cancino was released to work with no limitations on his activities, he was obligated to search for work. He did, securing a job with Food Spot. Cancino’s conscientous work search following his release to work would entitle him to TPD benefits. Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). However, Cancino would not be entitled to TPD benefits after August 17, 1981, the date he began working at Food Spot, as his acceptance of a lower-paying job, not commensurate with his abilities, was not shown to be a result of his injury as required by section 440.15(4)(b).
There is no competent substantial evidence upon which the deputy commissioner could find a permanent impairment based upon the AMA Guides or any other lawful basis. Dr. Barry testified that Can-cino had a 10% disability due to muscle weakness, but that proper exercise would correct the problem. Dr. Holmes testified that Cancino had no limitations. There is no evidence of the existence, much less degree, of a permanent physical impairment.
Our determination of no permanent physical impairment precludes the award of wage loss benefits after Cancino reached maximum medical improvement.
There is competent substantial evidence that Cancino conducted a good faith work search, leading to his employment with Food Spot.
The deputy commissioner improperly adjudicated the payment of authorized medical bills as their payment was not in controversy. Sperry Remington Office Machines v. Stelling, 383 So.2d 1150 (Fla. 1st DCA 1980).
Accordingly, the deputy commissioner’s order is REVERSED, except as to the award of TPD from the date Cancino was released to work to August 17, 1981, and REMANDED for determination of the appropriate statutory interest on the TPD benefits awarded.
SHIVERS and THOMPSON, JJ., concur.