458 So.2d 67 (1984)
AV-MED, INC., Appellant,
v.
Larry FRENCH and Dale Carter, Appellees.
Dale CARTER, Cross Appellant/Appellee,
v.
AV-MED, INC., Cross Appellee/Appellant.
Nos. 83-2158, 83-2157.
District Court of Appeal of Florida, Third District.
October 30, 1984.
*68 Markus, Winter & Feldman and Stuart Markus and Sheldon I. Pivnik, Miami, for appellant.
Horton, Perse & Ginsberg and Edward Perse, Miami, for appellees.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
By this appeal and cross appeal, we are asked to review two amended final judgments entered in favor of Dale Carter and Larry French in an action which they brought below against their former employer, AV-MED, INC., for commissions allegedly due them. AV-MED appeals contending that (1) the agreement to pay commissions was barred by the statute of frauds, (2) no commissions were due and owing under the oral agreement, (3) an improper reduction was made of proper set-offs allowed by the trial court as to the employee Dale Carter, and (4) the interest due on the bonus commissions was improperly computed. The employee Dale Carter cross appeals contending that no set-offs should have been allowed as to him in favor of AV-MED. We reject all these contentions, save for the interest point, and accordingly affirm in part and reverse in part.
There was sufficient evidence adduced below that the employees herein were employed by AV-MED, INC. under an oral contract for an indefinite period of time. Dale Carter was employed to act as a salesman in soliciting various businesses to become members of AV-MED. The compensation agreement called for a specific salary, plus a commission based on the number of insurance clients which he enrolled. Larry French was employed to act as a marketing director in supervising a number of salesmen who, like Dale Carter, were employed to solicit insurance clients for AV-MED. The compensation agreement as to French called for a base salary, plus a commission based on the sale or enrollment of insurance clients by all salesmen under his supervision.
It is a reasonable, although disputed, interpretation of the contract, based on the evidence adduced below, that these commissions were earned by the employees upon the enrollment of the insurance clients in question, subject to certain conditions subsequent: (1) the monthly premiums from the insurance clients would, in fact, have to be paid by the said clients before the commissions would be payable to the employees in question, and (2) the insurance clients would have to be serviced, if necessary, by the employee Dale Carter, and if not so serviced, a reasonable set-off on the commissions due would be required in AV-MED's favor.
Both employees performed under their respective oral contracts for approximately one year. Thereafter, Larry French resigned his position and Dale Carter was terminated. Both employees claimed and were denied commissions for insurance clients enrolled on the ground that these commissions were not earned until such time as the monthly premiums were, in fact, paid by the insurance clients. Since the insurance premiums were paid after *69 the employees had left the employ of AV-MED, it was contended that these commissions were not due and owing to the employees in question.
Both employees brought suit claiming that they were entitled to the above commissions. The case was tried non-jury below; the trial court agreed with the employees and ordered the payment of the said commissions. The matter was then referred to a master and thereafter amended final judgments were entered. By these judgments, the trial court (1) computed the interest due on the commissions earned from the date that the employees left the employ of AV-MED, rather than from the dates on which the commissions were payable, and (2) allowed AV-MED a set-off for expenses incurred in servicing Dale Carter's clients subsequent to his termination, minus the savings in salary which AV-MED experienced as a result of firing Carter. This appeal and cross appeal follow.
First, we conclude that the oral agreements herein were enforceable and were in no way barred by the statute of frauds. Both employees, we think, fully performed under their respective oral contracts, and by so doing, removed such contracts from the statute of frauds. Hiatt v. Vaughn, 430 So.2d 597 (Fla. 4th DCA 1983); Restatement (Second) of Contracts § 130, Comment d (1981).
Second, we have no trouble in concluding that, under the respective oral contracts, the commissions were earned by the respective employees upon the enrollment of the insurance clients in question, subject to the two conditions subsequent stated above. We agree that this was a disputed interpretation based on the evidence adduced below, but we believe it was a reasonable one which the trier of fact was entitled to reach. Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976).
Third, we conclude that the trial court, via the master, properly computed the set-offs which were allowed in AV-MED's favor as to the employee Dale Carter. One of the conditions subsequent under his contract was that he was to service, where necessary, the insurance clients whom he had enrolled. AV-MED expended a certain amount of money in servicing these clients subsequent to Carter's termination and was entitled to a corresponding set-off. The trial court gave AV-MED this set-off, but quite reasonably subtracted therefrom the savings which AV-MED experienced as a result of terminating Carter, namely, one half of his base salary which it did not have to pay as a result of the termination. Both parties object to this result.
The employee Dale Carter argues that his commission should not be reduced by the set-off because he was prevented from servicing the clients due to AV-MED's unjustified firing of him. It is true that he was prevented from servicing but, under the contract, AV-MED had a right to terminate Carter at any time and did not breach the contract when Carter was fired. AV-MED breached the contract only when it refused to pay Carter his earned commissions. This being so, AV-MED cannot be denied its claimed set-off for exercising a right which it had under the contract.
AV-MED, on the other hand, claims that its set-off should not be reduced by the salary savings which it experienced as a result of terminating Carter. We cannot agree. AV-MED is only out-of-pocket a certain amount of money, namely the expenses which it incurred in servicing Carter's insurance clients minus the savings which it experienced as a result of firing Carter. It is this out-of-pocket expense, and nothing more, which constitutes AV-MED's actual losses as a result of Carter's not servicing his insurance clients. This expense was therefore the proper set-off for AV-MED in this case.
Finally, we conclude that the trial court improperly computed the interest due on the commissions earned by the employees herein. The trial court ordered the interest to run from the date these employees left the employ of AV-MED. That is not the proper date because the commissions were, in fact, not payable on that date *70 but were only payable when the premiums were, in fact, paid by the insurance clients in question. The interest should have been computed from the various dates on which these commissions were, in fact, payable under the contracts herein. Parker v. Brinson Construction Co., 78 So.2d 873, 874 (Fla. 1955).
The final judgment is reversed solely as to the interest due on the above-stated commissions and is affirmed in all other respects. The cause is remanded to the trial court with directions to recompute the interest due herein in accord with this opinion and thereafter to enter new judgments thereon.
Affirmed in part; reversed in part.