471 So.2d 134 (1985)
LA CROIX CONSTRUCTION COMPANY and Reliance Insurance Company, Appellants/Cross-Appellees,
v.
Steve BUSH, Appellee/Cross-Appellant.
No. AX-311.
District Court of Appeal of Florida, First District.
June 6, 1985.
Rehearing Denied July 9, 1985.
*135 Harry D. Robinson, West Palm Beach, for appellants/cross-appellees.
Patrick J. Malone of Beisler & Beisler, West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
This cause is before us on appeal and cross appeal from two workers' compensation orders. The issue on appeal is whether the deputy commissioner erred in finding the claimant to be an employee of La Croix Construction Company. Issues on cross appeal are: (1) whether the deputy commissioner erred in limiting the award of temporary total disability benefits to the period of August 1, 1980, through November 11, 1980; (2) whether the deputy commissioner should have awarded penalties against La Croix Construction Company and its carrier, Reliance Insurance Company; (3) whether the deputy commissioner erred in failing to award interest on past unpaid medical bills; and (4) whether the deputy commissioner erred in denying payment of a Dr. Gerald Schuster's bill.
The facts concerning the relationship between the parties are essentially undisputed. Roger Quisenberry (Quisenberry) was the owner and builder of his private residence. Roland La Croix (La Croix), a licensed general contractor and president of La Croix Construction Company, Inc. (La Croix Construction) was issued the building permit for the construction of Quisenberry's private residence. Joseph Fee (Fee) was hired by Quisenberry to be the job supervisor for the construction of his home. Fee hired claimant as a plasterer and ceramic tile setter and supervised his work. Claimant received no work instructions from La Croix, who would make site inspections every week to two weeks. Claimant was paid by Fee on Quisenberry's account, and no income taxes were withheld. Claimant signed an acknowledgment form that he was acting as an independent contractor. However, the record indicates that Fee generally controlled claimant's work, and claimant provided no materials. The acknowledgment form signed by claimant also stated that he was responsible for any coverages or policies required by him by the Florida Workers' Compensation Law. Prior to the construction of Quisenberry's home, a "Contract for Construction of One-Family Residence" had been entered into by Quisenberry and La Croix Construction. Pursuant to this contract, La Croix Construction was to be responsible *136 for supervising all construction, was to make at minimum an inspection every week, and was to be paid $200 for supervision and consultation services.
The contract described the relationship between La Croix Construction, the general contractor, and Quisenberry, the owner, as a joint venture. In the contract, Quisenberry also agreed to indemnify La Croix Construction for any and all losses or liability incurred or resulting from the joint venture.
By using La Croix Construction as the general contractor, Quisenberry was able to avoid paying a $10,000 bond required by the City of West Palm Beach. Quisenberry, a school teacher, was not at the construction site on a daily basis. The building permit, posted on the construction site, was under the name of La Croix Construction Claimant testified that he thought he was an employee of La Croix Construction because he saw the building permit on the construction site under the name of La Croix Construction, and "as far as everybody else that was there it was understood that it was his [La Croix's] job site."
On February 26, 1980, claimant injured his knee at the job site. He reported the injury to Fee, who took him to the hospital. Claimant suffered a torn medial meniscus of the left knee. Claimant's accident, initially accepted as compensable, was later controverted on the basis that the claimant was not an employee of La Croix Construction.
The deputy commissioner, in his order dated July 29, 1982, found that La Croix Construction and Quisenberry were joint venturers and, as such, were employers of the claimant. The record does not support the deputy commissioner's finding of a joint venture between La Croix Construction and Quisenberry. Under the rule of Kislak v. Kreedian, 95 So.2d 510, 515 (Fla. 1957):
[I]n contracts creating joint ventures there must be (1) a community of interest in the performance for the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits, and (5) a duty to share in any losses which may be sustained.
However, we affirm the deputy commissioner's finding of an employer/employee relationship between La Croix Construction and claimant since we find that the facts of this case satisfy the elements of equitable estoppel as set forth in Miami Dolphins, Ltd. v. Tucker, 9 FCR 26, 29 (1974). The essential elements of estoppel as set forth in Tucker are:
(1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon. [citation omitted]
The facts of the case support claimant's assertion that La Croix Construction represented to him that it was the general contractor carrying workers' compensation coverage for all employees on the job who were not covered by subcontracting employers, and we find that claimant relied on La Croix Construction's representation in accepting employment and changed his position to his detriment by continuing to work without procuring appropriate insurance coverage. La Croix Construction is now estopped to claim, contrary to its prior representation, that it was not the claimant's employer.
On cross appeal, claimant first argues that the deputy commissioner erred in limiting the award of temporary total disability benefits to the period of August 1, 1980, through November 11, 1980. We find that temporary total disability benefits should have been awarded from August 1, 1980, through May 4, 1981, the last time Dr. Phillips saw claimant because Dr. Phillips *137 never told claimant that he was able to return to work nor was there any evidence that claimant should have known that he could return to work. Lakeland Construction Company v. Flatt, 433 So.2d 1253 (Fla. 1st DCA 1983); Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982). We affirm the denial of temporary total disability benefits for the period after May 4, 1981, since there is no medical evidence showing that claimant was unable to work, and, aside from his brief periods of employment, his work search was clearly inadequate, given the extensive periods of time involved. Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). We affirm the deputy's failure to award penalties against the employer/carrier since penalties were not claimed. Claimant argues that the claim for penalties was inadvertently omitted from the pretrial stipulation form. However, we note that, at the hearing, the deputy read to the parties the pretrial stipulation form, wherein there was no mention of penalties, and asked both attorneys whether the form as read was agreeable to them. Both attorneys answered affirmatively. The deputy's denial of interest on past unpaid medical bills is reversed on the authority of Zafrilla v. Volare Shoes, Inc., 394 So.2d 146 (Fla. 1st DCA 1981). The calculation of the interest on the past unpaid medical bills is to be done administratively, pursuant to the parties' pretrial stipulation that medical bills would be handled administratively. Interest is to be paid to claimant or hospitals or physicians as their interests may appear. Zafrilla, supra. Finally, we hold the deputy's denial of payment of Dr. Gerald Schuster's bill is improper since the denial was an adjudication of a matter not in controversy. Brice Southern, Inc. v. Cancino, 447 So.2d 367 (Fla. 1st DCA 1984).
Affirmed in part and reversed in part.
BOOTH, SMITH and THOMPSON, JJ., concur.