530 So.2d 497 (1988)
CORNELL COMPUTER CORP., Appellant,
v.
Nina DAMION, Appellee.
Nos. 87-26, 87-583.
District Court of Appeal of Florida, Third District.
September 6, 1988.
*498 Squadron, Ellenoff, Mandler, Plesent & Lehrer and Mitchell S. Fuerst, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Miami, Krongold & Bass, P.A., Coral Gables, for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
Cornell Computer Corp. brings consolidated appeals from a final judgment granting Nina Damion post-termination commissions and an agreed final judgment awarding Damion attorney's fees and costs. We affirm.
Cornell hired Damion as a salesperson in June, 1982, under an oral contract of employment. Damion received her salary in the form of a 10% commission on the gross fee billed and received by Cornell for each computer technician Damion placed with a corporate client. The parties never discussed whether Damion would be entitled to post-termination commissions. During the course of her employment, Damion placed computer technicians with four corporate clients. In March, 1985, as the result of an internal transfer at Cornell, Damion had no further contact with three of the corporate clients. Whether she resigned or was fired is a matter of disagreement between the parties, but in any event Damion's employment with Cornell ended on May 31, 1985.
Damion sued Cornell for post-termination commissions. She alleged that by placing the computer technicians she had fully performed the services for which she was hired. She further alleged entitlement to a 10% commission on the monies received by Cornell for the entire term worked by each of the technicians she had placed, notwithstanding her termination. The action was heard non-jury. The trial court specifically found that a valid employment contract existed whereby Cornell was to pay Damion "a commission of 10% of every dollar received by [Cornell], for work done by data processing technicians placed by [Damion], for as long as the technicians worked on the account." The trial court entered final judgment for Damion in the amount of $71,161.03 for commissions due her. By separate order, the trial court entered an agreed final judgment awarding Damion an attorney's fee of $25,000 and court costs.
Cornell asserts on appeal that the trial court committed reversible error by supplying a term in the oral contract that would require Cornell to pay post-termination commissions, where the contract itself was silent regarding such payments. Cornell also contends that any ambiguity in the contract should have been resolved by reference to the customs and usage of oral employment contracts for salespersons.
It is the general rule that
[o]rdinarily an employee does not forfeit his right to commissions, already earned under his contract, by the termination of his employment, as by his discharge, unless the contract of employment provides otherwise or provides for the performance of services as an entirety, or unless *499 there is a recognized custom in the business that such right will terminate with the employment.
56 C.J.S. Master and Servant § 92 (1948). The issue before this court is whether Damion earned her commissions prior to termination and, if so, whether any of the exceptions to the general rule apply. Although the nature of the contract was heavily disputed at trial, sufficient evidence was adduced to support the trial court's interpretation that Damion labored under a placement contract, not a service contract, and that she earned commissions upon placing technicians.
As to the exceptions under the rule, it is undisputed that the oral contract of employment is entirely silent on the question of Damion's right to post-termination commissions. Nor did the contract provide for the performance of services as an entirety, as was the case in Cueto v. John Allmand Boats, Inc., 334 So.2d 30 (Fla. 3d DCA) (employment agreement by its plain language required salesman to travel, service, and receive commissions until cancelled by 30 days' notice; therefore, trial court construed agreement to be service contract), cert. denied, 341 So.2d 290 (Fla. 1976), an opinion relied upon by Cornell. Cf. AvMed, Inc. v. French, 458 So.2d 67 (Fla. 3d DCA 1984) (under oral employment contract, salesperson earned commissions upon enrollment of insurance clients, subject to condition subsequent of servicing; failure to service would result only in reasonable setoff in employer's favor on commissions due). Finally, while "the best guide for the courts to follow in interpreting the contractual obligation of the parties is the usages of the particular business involved," Trent v. Channel 10, WPLGTV, Post-Newsweek Stations, Florida, Inc., 309 So.2d 631, 634 (Fla. 3d DCA 1975), we cannot say that the trial court erred in discounting the testimony offered by Cornell's expert witness. The witness testified that commissions are not paid outright, upon placement of a technician, implying that a salesperson's job entails more than mere placement. However, the witness also testified that the profit margin in the industry is too slender to pay a full placement fee up front. The testimony established that computer technicians tend to be "of the gypsy variety," disinclined to stay in one job for very long, and so "we would be foolish to pay those commissions on advance, only to have to try to get them back from the salesperson." Having testified that it is definitely not industry custom to pay commissions after a salesperson has terminated employment, the expert witness admitted that the written employment contract used in his own company is "ambiguous" concerning a salesperson's entitlement to post-termination commissions. In sum, the trial court could have reasonably interpreted the expert testimony as designed to establish, rather than report, industry custom and usage.
Having determined that "the services necessary to earn the commissions were performed prior to termination of the employment," Abbott v. Tec-Mill & Supply, Inc., 178 So.2d 881 (Fla. 3d DCA 1965), the trial court correctly entered final judgment for Damion. Cornell concedes, as it must, that Damion, as the prevailing party, is entitled to reasonable attorney's fees and costs in her action to recover unpaid wages. § 448.08, Fla. Stat. (1987). We, therefore, also affirm the agreed final judgment for attorney's fees and court costs.
AFFIRMED.