571 So.2d 1353 (1990)
E.H. CRUMP OF FLORIDA, INC., D/B/a Fred S. James of Fort Myers, Appellant,
v.
Norman S. AIKIN, Appellee.
No. 89-03202.
District Court of Appeal of Florida, Second District.
November 21, 1990.
Rehearing Denied January 4, 1991.
Gordon Harrison of Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Fort Myers, and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Theodore L. Tripp, Jr. of Garvin & Tripp, P.A., Fort Myers, for appellee.
LEHAN, Judge.
Defendant employer, an insurance brokerage agency, appeals from a final judgment awarding to plaintiff, an insurance agent formerly employed by defendant, $145,821.87 for commissions a jury determined were owed to plaintiff after the termination of his employment by defendant. We affirm the final judgment. Defendant *1354 also appeals from an order awarding attorneys' fees. We reverse that order and remand for further proceedings in that regard.
In appealing from the final judgment defendant argues that plaintiff's written employment contract did not provide for post-termination compensation. The argument is that, in fact, that contract effectively excluded such compensation. But we need not decide that aspect. The jury was entitled to conclude that such compensation was due and owing for the production of business by plaintiff during plaintiff's employment by defendant's predecessor before the written contract with defendant was entered into. There is no question the defendant assumed the obligations of its predecessor.
During his employment by defendant's predecessor the employment arrangement was oral and terminable at will. There was evidence that the oral arrangement did not address the subject of  and, therefore, did not preclude  post-termination compensation. The evidence in our view also showed, as the trial court instructed the jury, that under the oral arrangement commissions would be owed to plaintiff if he produced insurance business for defendant, rather than, as defendant contends, only if plaintiff produced and then continually serviced that business. The jury having found that plaintiff's termination was without just cause and that there was no recognized custom in the industry precluding such post-termination compensation, the jury's determination that upon the termination of his employment plaintiff was entitled to compensation earned prior to the time of the termination was justified. See Cornell Computer Corp. v. Damion, 530 So.2d 497, 498-99 (Fla. 3d DCA 1988) (quoting 56 C.J.S. Master and Servant § 92 (1948)) ("Ordinarily an employee does not forfeit his right to commissions, already earned under his contract, by the termination of his employment, as by his discharge, unless the contract of employment provides otherwise or provides for the performance of services as an entirety, or unless there is a recognized custom in the business that such right will terminate with the employment."). See also Abbott v. Tec-Mill & Supply, Inc., 178 So.2d 881 (Fla. 3d DCA 1965).
Damion does not qualify an employee's right to post-termination commissions with the requirement that the termination be without just cause. While an argument may be made that such a qualification should exist, cf. 43 Am.Jur.2d Insurance § 157 (1982), we need not decide that here, i.e., we need not decide whether under particular circumstances an employee discharged for cause may have such a right. The jury found that plaintiff was terminated without just cause, as we have said, and there was sufficient evidence to support that finding.
We do not agree with defendant's additional argument that the trial court erred in its instruction to the jury on the subject of the burden of proof. Contrary to defendant's argument, we do not conclude that the instruction which was given placed the entire burden of proof on defendant, that the entire burden of proof should have been on plaintiff, or that, in any event, the verdict would have been different if the instruction had been in the form contended by defendant.
In its appeal from the order awarding attorney's fees defendant contends that the trial court erred in its use of a contingency risk multiplier on the basis of its determination that the plaintiff's contract with his attorney was a contingent fee contract. That contract provided that plaintiff's attorneys would be paid a fee which would be the higher of either "1) 25% of the gross recovery ...; 2) A reasonable attorneys' fee as determined by the court, and awarded pursuant to ... § 448.08, Fla. Stat.; or, 3) A reasonable fee as agreed upon between us after considering the novelty and difficulty of issues presented, the efforts and energies expended by this office in prosecuting the claim, the results obtained, the nature and length of our relationship with you, the probability that acceptance of this case will have, or did interfere with the acceptance of other representation, and other relevant factors."
*1355 Defendant argues that the fee contract was not a contingent fee contract because under its third alternative there was no risk of nonpayment of a fee. On the other hand, plaintiff argues that the contract was for a contingent fee because there was a risk of nonpayment, the third alternative being, in fact, not applicable in that no fee was agreed upon between plaintiff and his attorneys. We do not agree entirely with either contention and conclude instead that the contract provided for a partially contingent fee, as we will explain.
We construe the third alternative as providing for a fee in the event for any reason there was no recovery and therefore no fee owed under the first and second alternatives. We construe the third alternative as providing in that event for the attorneys' entitlement to a reasonable fee to which the plaintiff must reasonably agree. That is, contrary to the arguments on behalf of plaintiff's attorneys, the plaintiff, we conclude, was not free in the event of no recovery to refuse to agree to any attorneys' fee. Under that alternative a reasonable fee was due, the amount thereof to be agreed upon between the attorneys and the plaintiff, taking into consideration the factors listed under that alternative. Otherwise, i.e., if plaintiff simply had the option to refuse to agree to a fee under the third alternative, there would have been no purpose in listing those factors.
Our foregoing interpretation of the fee contract is supported somewhat by the testimony of one of plaintiff's attorneys that "[w]e simply reserved the right to go to the client under the disciplinary rules, and if you look at [the third alternative], all it says is we agree to accept the higher of either [the first, second or third alternatives], [the third] being a reasonable fee consistent with the disciplinary rules... . The factors under the disciplinary rules in the event of an unsuccessful prosecution ... would get us darn close to a zero recovery [apparently of attorney's fees] because one of the things you have to look at is the result obtained for the client." While that attorney also testified that, "And we knew going in that we weren't going to get paid unless we won," we agree with defendant that nonpayment without recovery would not have been consistent with the terms of the agreement under the third alternative. That is, the wording of that alternative does not provide that there would be no fee if there were no recovery; the factor of "results obtained" contained within that third alternative is only one of the many factors to be considered in fixing a fee under the Rules of Professional Conduct from which the factors listed in that third alternative apparently came. Thus, as defendant argues, the worst case scenario for plaintiff's attorneys would have been to be entitled to a reasonable fee under the third alternative.
Accordingly, the attorneys' fee provided for in the contract was partially contingent in the sense that if there was a recovery, the first or second alternative would have entitled the attorneys to a fee higher than otherwise. A partially contingent fee arrangement does qualify for the application of a contingency risk multiplier, although not to the same extent as if the fee arrangement had been fully contingent. As the Florida Supreme Court said in Lane v. Head, 566 So.2d 508 (Fla. 1990),
We believe that a multiplier also is within the trial court's discretion in those instances in which the contingency-fee arrangement is only partial.
Id. at 509. But Lane also said,
[A]ttorneys taking partially contingent cases are not entitled to the same enhancement of the customary reasonable fee that would have been available if the fee arrangement had been fully contingent.
Id. We recognize that Lane was decided after the entry of the order involved here.
The final judgment is affirmed. The order awarding attorneys' fees is reversed and the cause is remanded for a redetermination of attorneys' fees in light of Lane v. Head.
SCHOONOVER, C.J., and RYDER, J., concur.