LEHAN, Judge.
We reverse the final judgment entered upon a jury verdict awarding sales commissions to plaintiff from defendant real estate developers on the sales of homes for sales closed after plaintiffs employment by defendants as a sales associate had been properly terminated.
The evidence was uncontroverted that there had been no discussion between plaintiff and defendants as to whether or not plaintiff would be entitled to commissions on sales of homes which were closed after the termination of plaintiff’s employment. There was also uncontroverted testimony that plaintiff’s arrangement with defendants called for more than simply the procurement of buyers of homes to be built by defendants and called for continuing significant services to be rendered by plaintiff to ensure and facilitate the sales up to the times of the closings. Defendant in effect argues that the inescapable import of that testimony was that at the time of the termination of plaintiff’s employment substantial such services remained to be performed by plaintiff for the sales which are the subject of this suit; be that as it may, plaintiff made no showing otherwise, and of course the burden of showing entitlement to the commissions was on plaintiff. Thus, it was not proved that at the time her employment was terminated plaintiff had earned the commissions. See Friedlander v. J.W. Dyches, Inc., 582 So.2d 56 (Fla. 2d DCA 1991). Compare E.H. Crump of Florida, Inc. v. Aikin, 571 So.2d 1353 (Fla. 2d DCA 1990) (former employee entitled to post-termination compensation when under employment contract the compensation was earned prior to termination and was not to be for continuing services).
Reversed and remanded for entry of judgment in favor of defendant.
CAMPBELL, A.C.J., and PARKER, J., concur.