605 So.2d 496 (1992)
D.G.D., INC., Appellant,
v.
Jason BERKOWITZ, Appellee.
Nos. 91-1964, 91-2431.
District Court of Appeal of Florida, Third District.
September 1, 1992.
*497 Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, and Alan T. Dimond and Steven M. Goldsmith, Miami, for appellant.
Freedman & Verebay, and Bruce Freedman, Bruce Rogow, Beverly Pohl, Ft. Lauderdale, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendant D.G.D., Inc. from (1) a final judgment entered after a non-jury trial in a breach of contract action which sought the recovery of sales commissions allegedly earned by the plaintiff Jason Berkowitz while employed as a sale representative for the defendant, an out-of-state company operating in New York City, and (2) a post-trial order awarding attorney's fees to the plaintiff as the prevailing party in the action. We affirm in part and reverse in part.
First, we reject the defendant's point on appeal that the trial court erred in finding that the plaintiff was entitled to $83,030.81 in sales commission which he earned under his oral employment agreement with the defendant. In particular, we conclude, contrary to the defendant's argument, that the trial court was correct in admitting usage-of-trade evidence at trial to construe the parties' oral agreement so as to allow 85% of the plaintiff's normal sales commissions for orders which he obtained but which the defendant did not fill.
"Usages and customs may be proved, not only to aid in interpretation of the words of the parties [to a contract], but also to affect the contractual relations of the parties by adding a provision to the contract that the words of the parties can scarcely be said to have expressed... . . If proof of usage and custom is permitted to add a provision that is not expressed in words, it is because one of the parties asserts that they intended that it should be so included... . In either case, it is enough if one of them intended it, and the other knew or had reason to know that he did so."
*498 3 Arthur Corbin, Corbin on Contracts § 556, at 240, 242 (1960); see also § 671.1205(2), Fla. Stat. (1991).
Second, we agree with the defendant's central point on appeal that the trial court erred in doubling the amount of compensatory damages sustained by the plaintiff. The trial court doubled such damages based on section 686.201, Florida Statutes (1991) which, in effect, requires that where, as here, an out-of-state principal terminates a sales representative in Florida and the contract between the parties is not reduced to writing, all commissions due to the sales representative must be paid within thirty days of termination by the out-of-state principal; if, as here, the out-of-state principal does not comply with these requirements, the sales representative has, under the statute, a cause of action for damages for double the amount of commission found to be due. For the reasons stated by Judge Ryskamp in Rosenfeld v. Lu, 766 F. Supp. 1131 (S.D.Fla. 1991), which opinion is hereby adopted as our own, we hold that the statute is unconstitutional under the Commerce Clause of the United States Constitution. U.S. Const. art. 1, § 8, cl. 3. We reach this result because, simply stated, the statute on its face discriminates against interstate commerce by imposing requirements on out-of-state principals or companies which are not applicable to in-state businesses. New Energy Co. of Indiana v. Limbach, 486 U.S. 269, 108 S.Ct. 1803, 100 L.Ed.2d 302 (1988); City of Philadelphia v. New Jersey, 437 U.S. 617, 98 S.Ct. 2531, 57 L.Ed.2d 475 (1978).
Finally, we reject the defendant's argument that the attorney's fee award herein must necessarily fall if this court declares that section 686.201, Florida Statutes (1991) is unconstitutional. Although the attorney's fee award was made under the authority of the above statute, the award is nonetheless perfectly sustainable under section 448.08, Florida Statutes (1991). The latter statute provides that "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." § 448.08, Fla. Stat. (1991). Unpaid commissions which are found by the court to be owing, as here, have been construed to be the equivalent of unpaid wages. Cornell Computer Corp. v. Damion, 530 So.2d 497 (Fla. 3d DCA 1988); Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984).
For the above-stated reasons, (1) the final judgment under review is reversed and the cause is remanded to the trial court with directions to enter a judgment for the plaintiff in the amount of $83,030.81 plus prejudgment interest, and (2) the post-trial order awarding of attorney's fees is affirmed.
Affirmed in part; reversed in part and remanded.