869 So.2d 600 (2004)
Joseph S. ELDER d/b/a Analogue Integrated, etc., Appellant,
v.
M. Didarul ISLAM, Appellee.
Nos. 5D03-119, 5D03-792.
District Court of Appeal of Florida, Fifth District.
February 27, 2004.
John H. Bill of Godbold, Downing, Sheahan & Bill, P.A., Winter Park, for Appellant.
*601 Thomas R. Peppler of Stein, Sonnenschein, Hochman & Peppler, Oviedo, for Appellee.
PALMER, J.
In this consolidated appeal, Joseph S. Elder d/b/a Analogue Integrated ("Elder") appeals the final judgment entered in favor of M. Didarul Islam ("Islam")(Case No. 5D03-119), and the final judgment awarding Islam attorney's fees and costs (Case No. 5D03-792). Finding no error as to Case No. 5D03-119, we affirm. As to Case No. 5D03-792, we reverse the award of expert fees but affirm as to all other fee awards.
As to Case No. 5D03-119, we conclude that the trial court had sufficient evidence before it to support Islam's claim for unpaid wages; specifically, his right to collect his royalties and right to exercise his stock options. However, as to Case No. 5D03-792, one attorney fee and two cost issues merit discussion.
First, we conclude that the trial court properly determined that Islam was entitled to receive an award of his reasonable attorney's fees pursuant to section 448.08 of the Florida Statutes, because the royalty payments and stock options provided to him were "wages" within the meaning of the applicable prevailing party attorney's fee statute:
448.08. Attorney's fees for successful litigants in actions for unpaid wages The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.
§ 448.08, Fla. Stat. (2000).
To that end, Islam alleged in his complaint that this action was for unpaid wages and that he was entitled to receive an award of attorney's fees pursuant to section 448.08 of the Florida Statutes. Elder's defense to that claim was based on the definition of the word "wages", arguing that royalties and stock options are not wages. The trial court disagreed and we affirm that ruling.
In Coleman v. City of Hialeah, 525 So.2d 435 (Fla. 3d DCA 1988), the Third District explained the definition of the word "wages" as follows:
Florida courts have held that the prevailing party in an action to recover unpaid periodic salary, [footnote omitted] unpaid sales commissions, [footnote omitted] an unpaid bonus, [footnote omitted] or unpaid severance pay [footnote omitted]all allegedly due under a contract of employment for services renderedis entitled to an award of attorney's fees under the above statute. In so doing, Florida courts have looked to the following definitions of "wages" as persuasive in interpreting the above statute, inasmuch as chapter 448 of the Florida Statutes (1985) contains no such definition: "`Wages' means and includes all compensation paid by an employer or his agent for the performance of service by an employee, including the cash value of all compensation paid in any medium other than cash." [footnote omitted] "`[A]ll remuneration for employment, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash.'" [footnote omitted]. "Wages. A compensation given to a hired person for his or her services. Compensation of employees based on time worked or output of production. Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses, and reasonable value of board, rent, lodging, payments in kind, tips, and any other similar advantage received from the individual's *602 employer or directly with respect to work for him. (citation omitted). Term should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed." Black's Law Dictionary 1416 (5th ed.1979), followed in Ferry v. XRG Int'l, Inc., 492 So.2d 1101, 1103 (Fla. 4th DCA 1986), and Gulf Solar, Inc. v. Westfall, 447 So.2d 363, 366-67 (Fla. 2d DCA 1984). Central to these definitions and the results reached in the above cases is that the term "wages" involves some compensation paid to an employee for services rendered to his employer. Broadly read, this definition embraces salaries, commissions, bonuses, vacation pay, and severance pay.
Id. At 437. Other Florida courts have addressed several types of compensation other than salary and found them to be "unpaid wages" within the meaning of the statute. See Strasser v. City of Jacksonville, 655 So.2d 234 (Fla. 1st DCA 1995) (relating to annual leave credits and vacation pay); D.G.D., Inc. v. Berkowitz, 605 So.2d 496 (Fla. 3d DCA 1992)(relating to unpaid commissions); Woods v. United Indus. Corp., 596 So.2d 801 (Fla. 1st DCA 1992)(relating to severance pay). Based upon the facts of the instant case and the relevant case law, we find no error in the trial court's conclusion that the stock options and royalties referred to in Islam's "Compensation Package" were part of Islam's wages. Therefore, Islam was entitled to receive an award of attorney's fees and costs under section 448.08 of the Florida Statutes.
Next, Elder challenges the trial court's award of costs, claiming the trial court abused its discretion by failing to properly construe the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions by, among other things, awarding Islam (1) $5,000.00 in expert witness fees; and, (2) $425.00 in mediation costs.
As to the expert witness fees, Islam's counsel testified that his expert charged Islam a $2,000.00 retainer and an additional $3,000.00 for a total of $5,000.00. Upon questioning by the trial court, Islam's counsel responded that he could not remember how the fees were broken down.
This issue is governed by Stewart & Stevenson Services, Inc. v. Westchester Fire Ins. Co., 804 So.2d 584 (Fla. 5th DCA 2002), wherein this court held that a lack of specificity precluded affirmance of a cost judgment.
S & S's final argument is that, by awarding a $12,000.00 expert fee, the trial court abused its discretion in awarding costs outside the parameters of the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. The trial court's order does not indicate how it determined the $12,000.00 figure and its determination is not evident from the evidence in the record. Issues were raised about the expert's reasonable hourly fee, whether paralegal work should be compensated, the reasonable number of hours billed by the expert, and whether certain costs of the expert were included in his fee. Given the lack of specificity provided in the cost judgment as to the expert's fee, we cannot effectively review it on appeal. With regard to the expert attorney fees awarded in this case, the same findings should be provided by the court as are required for the award of a party's attorney fees, including the reasonable number of hours expended, the reasonable hourly rate, and any other components which make up any part of the fee. See Simpson v. Simpson, 780 So.2d 985 (Fla. 5th DCA 2001).
Id. at 589.
Based upon the law as expressed in Stewart, Islam was required to provide *603 evidence as to the breakdown of the expert's fee before the trial court could properly award same. Because he failed to do so (and he is not entitled to receive a second evidentiary hearing to do so[1]), the cost judgment is reversed as to this item.
Finally, Elder maintains that the trial court erred in awarding Islam his pro rata share of mediation costs in this matter. Elder argues that although mediation was mandated by court order, Islam failed to cite any authority for taxing this cost, and the court did not cite a reason for awarding same.
The Florida legislature has not yet defined "costs" as including mediation expenses. However, the case law in Florida holds that the costs of mediation can be awarded if the parties are required to mediate under a statute or court rule. See Orlando Regional Medical Center, Inc. v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA 1990) rev. denied, 583 So.2d 1034 (Fla.1991)(holding that the expenses of mediation are recoverable as costs when the parties are required to submit to mediation under any statute or court rule).
Here, in awarding the mediation fees the trial court stated as follows:
Mediation. Well that's part of it. It's required by the court. And if they had to expend thatI just don't think that you have to sue for your employee's wages and then have to pay to sue for it. So I'm finding that they are entitled to all of it.
(Emphasis added). We agree with the trial court's reasoning and affirm the award of mediation fees as a taxable cost.
In closing we note that, since the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions do not currently address mediation costs in any way, we would encourage the drafters thereof to address this issue to avoid these disputes in the future.
As to Case No. 5D03-119, AFFIRMED. As to 5D03-792, AFFIRMED in part and REVERSED in part.
SAWAYA, C.J., and GRIFFIN, J., concur.
NOTES
[1] See Simpson v. Simpson, 780 So.2d 985 (Fla. 5th DCA 2001).