SILBERMAN, Judge.
 

 Valerie M. Hingson appeals an order on motions for attorney’s fees and a final judgment of attorney’s fees that award attorney’s fees to her and to her former employers, MMI of Florida, Inc., and Mag-necel Services, L.C. (the Employers).
 
 [1]
 
 We reverse the attorney’s fees awarded to the Employers and remand for the trial court to add prejudgment interest to the attorney’s fees awarded to Hingson from the date the trial court determined entitlement. We affirm without discussion the trial court’s decision not to apply a contin
 
 *400
 
 gency multiplier in determining Hingson’s attorney’s fees.
 

 The Employers hired Hingson as an account executive to sell medical equipment and maintenance services. She signed a written employment agreement prepared by the Employers, with an effective date of December 1, 2002. The employment agreement contains a provision for attorney’s fees to the Employers if they prevailed “[i]n any legal action or other proceeding involving, arising out of or in any way relating to this Agreement.”
 
 [2]
 

 In her amended complaint, Hingson claimed that she was terminated without cause on January 30, 2004, and that she was not paid commissions or bonuses that were due her, “including but not limited to, amounts due on transactions with Radiology & Imaging Specialists of Lakeland and Dimensional Imaging Sarasota.” In count 1, she asserted the Employers’ breach of the employment agreement, and in count II, she alleged an alternative claim for unjust enrichment. The Employers answered and asserted four affirmative defenses, including that Hingson was terminated for failing to perform as called for in the employment agreement, that she was paid in excess of what was due to her, and that she was not entitled to any commissions or other monies. The Employers did not assert any counterclaims.
 

 After a nonjury trial, the trial court entered an amended final judgment in Hingson’s favor, noting that it had also ruled in Hingson’s favor on the Employers’ affirmative defenses. The court determined that the Employers “breached their employment agreement with [Hingson] by not paying her compensation due upon termination for the sale to Radiology and Imaging Specialists of Lakeland and for the first payment received for asset management services from such customer.” The trial court awarded Hingson damages of $31,659.50, plus prejudgment interest of $10,447.64 and costs of $4,273.25, for a total of $46,380.39. In light of its decision on count I, the trial court found Hingson’s unjust enrichment claim in count II to be moot.
 

 Both parties filed motions for fees and costs. Hingson sought fees pursuant to the employment agreement and pursuant to section 448.08, Florida Statutes (2003), which allows awards of attorney’s fees and costs to successful litigants in actions for unpaid wages. The Employers sought fees pursuant to the agreement. The Employers argued that Hingson had claimed commissions on the full value of sales to customers but that the trial court had ruled she was only entitled to a commission on monies the Employers had received at the time of her termination.
 

 Following a hearing, the trial court stated that Hingson “was asking for several hundred thousand dollars, maybe $200,000, and actually got a judgment for $31,000 plus the interest” and that “a significant part of the claim was denied.” The trial court determined that under the employment agreement, the Employers prevailed on the significant issues in the litigation. In its written order entered on April 25, 2007, the court concluded that Hingson was entitled to fees under section 448.08 as the prevailing party. The court further concluded that the Employers were entitled to an award of attorney’s fees as the prevailing party under the employment agreement based upon
 
 Lashkajani v. Lashkajani,
 
 911 So.2d 1154 (Fla.2005).
 

 
 *401
 
 Alter a hearing to determine the amount of the fees, the trial court entered a final judgment of attorney’s fees, finding that Hingson incurred reasonable attorney’s fees of $112,000 and that the Employers incurred reasonable attorney’s fees of $56,000. The court then awarded net attorney’s fees of $56,000 in Hingson’s favor. The trial court refused Hingson’s request to award interest on the fee award from April 25, 2007, the date the court had determined entitlement to fees. On appeal, Hingson argues that because the trial court found that the Employers had breached the employment agreement and because it entered a judgment in her favor for unpaid commissions, the court erred in awarding attorney’s fees to the Employers, which offset part of her fee award.
 

 Pursuant to section 448.08, the trial court properly awarded fees to Hing-son. Section 448.08 provides, “The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney’s fee.” Unpaid commissions are considered wages for purposes of section 448.08.
 
 See Gulf Solar, Inc. v. Westfall,
 
 447 So.2d 368, 367 (Fla. 2d DCA 1984);
 
 D.G.D., Inc. v. Berkowitz,
 
 605 So.2d 496, 498 (Fla. 3d DCA 1992). The policy behind section 448.08 is to provide “a means to equalize the disparate positions of employees in attempting to collect for the fruits of their labors.”
 
 Tampa Bay Publ’ns, Inc. v. Watkins,
 
 549 So.2d 745, 747 (Fla. 2d DCA 1989). The fact that Hingson did not recover all the commissions she sought does not alter her status as prevailing party under section 448.08. Although she recovered less than the amount that she claimed, she established, and the trial court found, that the Employers breached the employment agreement and that she was entitled to damages and her statutorily authorized attorney’s fees as a result of that breach.
 

 Regarding the trial court’s award of fees to the Employers, we conclude that the trial court erred. As noted previously, the court awarded fees to the Employers based on
 
 Lashkajani,
 
 911 So.2d 1154, stating that for purposes of the fee provision in the employment agreement, the Employers were the prevailing party.
 

 In
 
 Lashkajani,
 
 the circuit court awarded attorney’s fees of $117,022.42 to the wife in a dissolution action pursuant to section 61.16, Florida Statutes (2001), based on the parties’ relative financial inequality. The court also awarded attorney’s fees of $63,022.92 to the husband for his successful defense of the parties’ prenuptial agreement, based on the prevailing party provision in the agreement. The supreme court stated that it was only addressing the narrow issue of “whether a prenuptial agreement may contract away a future obligation to pay attorney’s fees and costs during the marriage by providing for prevailing party attorney’s fees in actions seeking to enforce the agreement.” 911 So.2d at 1156. The court held “that prenuptial agreement provisions awarding attorney’s fees and costs to the prevailing party in litigation regarding the validity and enforceability of a prenuptial agreement are enforceable.”
 
 Id.
 
 at 1160. The court did not otherwise address the circuit court’s separate fee awards to the parties.
 

 In
 
 Moritz v. Hoyt Enterprises, Inc.,
 
 604 So.2d 807 (Fla.1992), the Florida Supreme Court discussed the test that should be used to determine the prevailing party for purposes of recovering attorney’s fees in a breach of contract action. The court determined “that the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney’s fees.”
 
 Id.
 
 at
 
 *402
 
 810.
 
 [3]
 
 There, the trial court found that the plaintiffs had breached the contract and that the defendant partially prevailed on its counterclaim. The supreme court stated, “It is apparent from the record that the trial judge concluded that [the defendant] prevailed on the significant issues in the case because it did not breach the contract and, consequently, should not be required to pay attorney’s fees to the parties who did not prevail on their complaint and only partially prevailed on their defense to the counterclaim.”
 
 Id.
 

 Here, the Employers denied all liability for any unpaid commissions and raised four affirmative defenses. The Employers did not file a counterclaim. Hingson brought her claim for unpaid commissions, albeit under alternative theories of breach of the employment agreement and unjust enrichment. The trial court specifically found that the Employers breached the employment agreement. The court also ruled in Hingson’s favor on the Employers’ affirmative defenses. Although Hingson did not recover the total amount that she sought, she prevailed as to her claim that the Employers breached the agreement and were liable to her for damages, and the Employers did not prevail in any affirmative relief. Based on this record, we conclude that the trial court erred in its application of
 
 Lashkajani
 
 to award attorney’s fees to the Employers and in determining that the Employers were the prevailing parties on the significant issues in the breach of agreement claim. Therefore, we reverse the award of attorney’s fees to the Employers.
 

 With respect to Hingson’s claim that the trial court should have awarded prejudgment interest on her fee award from the date that the court determined that she was entitled to recover her attorney’s fees, we agree.
 
 See Quality Engineered Installation, Inc. v. Higley South, Inc.,
 
 670 So.2d 929, 930-31 (Fla.1996) (concluding that “interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined”);
 
 Nat’l Portland Cement Co. v. Goudie,
 
 718 So.2d 274, 275-76 (Fla. 2d DCA 1998) (determining that an employee was entitled to prejudgment interest on a fee award from “the date of the trial court’s order awarding attorney’s fees and costs”). Thus, we reverse the trial court’s decision to deny prejudgment interest to Hingson. On remand, we direct the trial court to award prejudgment interest on Hingson’s fee award from April 25, 2007.
 

 Accordingly, we affirm the award of fees to Hingson, reverse the award of fees to the Employers, and reverse the denial of prejudgment interest to Hingson on her fee award. We remand for the trial court to enter an amended final judgment of attorney’s fees that is consistent with this opinion.
 

 Affirmed in part, reversed in part, and remanded.
 

 LaROSE, J, and PALMER, WILLIAM D., Associate Judge, Concur.
 

 [1]
 

 . The Employers filed a notice of cross-appeal but did not raise or argue any cross-appeal issues in their brief, thereby abandoning their cross-appeal.
 

 [2]
 

 . Section 57.105(6), Florida Statutes (2002), which applies to contracts entered into on or after October 1, 1988, makes this provision reciprocal. The statute has since been renumbered and the reciprocity provision is now contained in section 57.105(7).
 
 See
 
 Ch. 2003-94, § 9 at 472, Laws of Fla.; § 57.105(7), Fla. Stat. (2003-2008).
 

 [3]
 

 . In
 
 Prosperi v. Code, Inc.,
 
 626 So.2d 1360, 1363 (Fla.1993), the court held that the
 
 Mor-itz
 
 test also applied to determine who is the prevailing party for the purposes of awarding fees on a statutory claim brought under section 713.29, Florida Statutes (1989).