SAWAYA, J.
 

 William Langford appeals the final judgment on liability and damages, which he claims awarded him only a fraction of the total amount of commissions he was owed from his former employer, Paravant, Inc. Langford raises several issues: (1) whether the trial court erred when it sua sponte bifurcated the trial; (2) whether the trial court erred in refusing to allow certain evidence to be considered by the jury; 3)
 
 *76
 
 whether the instructions and verdict form the trial court gave to the jury were improper; and 4) whether the trial court erred in denying Langford’s motion for judgment as a matter of law. We have thoroughly reviewed the record that has been provided to us, and we are unable to conclude that reversible error occurred as to any of these issues. Accordingly, we affirm the judgment under review.
 

 Langford also appeals the order denying his motion for attorney’s fees. Clearly, Langford is entitled to fees pursuant to section 448.08, Florida Statutes (2008), which allows awards of attorney’s fees and costs to successful litigants in actions for unpaid wages. “Unpaid commissions are considered wages for purposes of section 448.08.”
 
 Hingson v. MMI of Fla., Inc.,
 
 8 So.3d 398, 401 (Fla. 2d DCA 2009). As the court further explained in
 
 Hingson:
 

 The policy behind section 448.08 is to provide “a means to equalize the disparate positions of employees in attempting to collect for the fruits of their labors.”
 
 Tampa Bay Publ’ns, Inc. v. Watkins,
 
 549 So.2d 745, 747 (Fla. 2d DCA 1989). The fact that
 
 Hingson
 
 did not recover all the commissions she sought does not alter her status as prevailing party under section 448.08. Although she recovered less than the amount that she claimed, she established, and the trial court found, that the Employers breached the employment agreement and that she was entitled to damages and her statutorily authorized attorney’s fees as a result of that breach.
 

 Id.
 
 Similarly, in
 
 Community Design Corp. v. Antonell,
 
 459 So.2d 343, 346 (Fla. 3d DCA 1984),
 
 review denied,
 
 469 So.2d 748 (Fla.1985), the court held:
 

 Addressing CDC’s second theory, we hold that a party prevails within the meaning of section 448.08 when there is an affirmative judgment rendered, even if it is for less than the amount claimed and recovery is not had on all counts.
 
 Cf. Hub Cap Heaven, Inc. v. Goodman,
 
 431 So.2d 323 (Fla. 3d DCA 1983);
 
 American Insulation of Fort Walton Beach, Inc. v. Pruitt,
 
 378 So.2d 839 (Fla. 1st DCA 1979);
 
 Peter Marich & Associates, Inc. v. Powell,
 
 365 So.2d 754 (Fla. 2d DCA 1978). (These cases reached the same holding in interpreting a similar provision of the Florida Statutes, § 713.29.)
 

 Id.
 
 at 346.
 

 We affirm the final judgment on liability and damages. We reverse the order denying Langford’s motion for fees and costs and remand this case to the trial court to determine the amount to award Langford.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 GRIFFIN, J., and PARSONS, W.A., Associate Judge, concur.